## CYRUS A. EASTMAN *v.* B. C. TURMAN AND ALEXANDER ELY.

ACTION ON NOTE—PARTIES TO.—Where a promissory note and a mortgage to secure the same are executed and delivered to the same person, and the payee of the note and mortgagee indorses the note and assigns the mortgage to a third person, who brings an action on the note and to foreclose the mortgage, it is not

a misjoinder of parties defendant to join as defendants the indorser and maker of the note.

SAME—NOTE—MORTGAGE.—In such case, under the provisions of the Practice Act, it is not an improper joinder of two causes of action to sue the indorser of the note on his liability as such, and to ask a decree against the mortgagor foreclosing the mortgage.

NOTICE TO INDORSER.—A notice given to the indorser of a promissory note, made payable at a banking house, which states "that the note, on the day it matured, was presented for payment at the banking house of (naming the banking house where the same was payable,) and payment thereof demanded, and thereupon the same was duly protested for non-payment," is a sufficient notice of demand, refusal, and non-payment, to charge the indorser.

INDORSER OF NOTE—PAYABLE IN INSTALMENTS.—Where such note is payable in instalments due at different times, and the demand on the maker is not made until the last instalment falls due, and the demand is made for the whole amount due on the note, including the prior instalments, the demand is good for the purpose of charging the indorser for the last instalment.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

The facts are stated in the opinion of the Court.

*Pratt & Clarke*, and *E. R. Carpentier*, for Appellant.

*James Rice*, for Respondent.

Two causes of action are here improperly united, to wit: A suit in equity to foreclose the mortgage in which the respondent Ely has no interest, and a suit at law against him, Ely, as the *indorser* of the note which the mortgage was given to secure. (Practice Act, Sec. 64; *Bigelow* v. *Gove*, 7 Cal. 133; *Gates* v. *Kieff*, 7 Cal. 124; 1 Van Sanfoord's Pld'g, pp. 184–200, and notes.)

The complaint does not state facts sufficient to constitute a cause of action against the respondent Ely.

The note sued on is a note payable by instalments, each of which instalments is, in itself, an independent note, and the indorser entitled to due notice of demand, refusal, and non-payment of each instalment when the same becomes due, as well as of the interest thereon, when made payable at specified times, as in the present case.

There is no allegation in the complaint that when the

second and last note or instalment became due there was any demand made for the payment of the same, or any notice given to the indorser Ely of any refusal to pay the same, or of any demand, refusal, and non-payment of the interest specified therein, at the several times when the same became due and payable.

On the contrary, it appears on the face of the complaint that at the time the said second note or instalment became due, payment of the whole sum of fifteen hundred dollars (being the amount of *both* of the said notes or instalments) was then demanded; thus treating the two notes or instalments as *one entire sum* due at that date; and it is not alleged in said complaint, that upon such demand for the entire sum of both the said notes or instalments, payment was refused, or that there were no funds at the place where the said notes or instalments were made payable to meet the same. It is simply alleged that payment was demanded of the whole entire amount of both of the said notes or instalments, and that thereupon the same was protested without alleging the material fact of the refusal to pay, which refusal was essential to authorize the protest.

Where a note is payable by instalments, each instalment is regarded by all the authorities as a separate note, upon the becoming due of which, the holder is entitled to sue; and, if he fail to take the proper steps for holding the indorser, the latter is by analogy and reason discharged, and this equally whether it regard the principal note or the interest which is a part of it, when provided in the note itself to be paid at specified times; the indorser's liability being contingent on due notice of the default of the maker as to every part of the contract. (Baily on Bills, 346; 11 M. & W. 374; *Cooley* v. *Rose*, 3 Mass. 221; *Greenleaf* v. *Kellogg*, 2 Ibid, 568; *Eastabrook* v. *Moulton*, 9 Ibid, 228; *Bander* v. *Bander*, 7 Barbour, 560; *Heywood* v. *Perrin*, 10 Pickering, 258; *Green* v. *Palmer*, 15 Cal. 415; 2d Chitty's Pleadings, 121, 125.)

By the Court, Sawyer, J.

The defendant, Turman, executed in favor of defendant Ely a note for fifteen hundred dollars, payable in equal instalments on the first day of December, 1860, and the first day of December, 1861, with interest payable quarterly. The note 'was secured by a mortgage. Defendant Ely indorsed the note and assigned the mortgage to plaintiff. This action is brought to recover the amount due, and to foreclose the mortgage. The defendant, Ely, demurred to the complaint. The demurrer having been sustained, and the plaintiff declining to amend, judgment was rendered in favor of Ely. The appeal is from the order sustaining the demurrer, and from the judgment entered thereon.

The first ground of demurrer is, that there is a misjoinder of parties defendant, it not appearing that Ely has any interest in the foreclosure of the mortgage adverse to plaintiff. But he is sued as an indorser, and sought to be held personally liable in that character. He is properly made a party, under section fifteen of the Practice Act. The second ground is that two causes of action are improperly joined—a cause of action on the note against Ely, as indorser, and a cause of action in equity to foreclose the mortgage. There is no misjoiner in this respect. On the contrary, section two hundred and forty-six of the Practice Act provides that there shall be but one action for the recovery of the debt and the enforcement of the right secured by the mortgage. As to defendant Turman, at least, it would be necessary to demand all the relief to which he was entitled in this action.

The remaining ground of the demurrer is, that the complaint does not state facts sufficient to constitute a cause of action. The first point under this head is, that the defendant, Ely, does not appear to be liable for the whole amount of the note and interest, for the reason that it does not appear that any demand was made at the time the several instalments of interest, or the first instalment of seven hundred and fifty dollars principal, fell due, or that he had any notice of the dishonor as to these payments. Admitting this to be true, and that he is discharged from liability as to these sums, (and he

probably is, if no demand was made, or notice given, as they severally fell due,) still, if the complaint shows a good cause of action as to the *last* instalment, it is not obnoxious to the demurrer on this ground.

This brings us to the question as to whether the complaint states facts sufficient to constitute a cause of action against the defendant, Ely, for the last instalment of seven hundred and fifty dollars due on the note.   This was payable, by the terms of the note, on the first day of December, 1861.   The last day of grace, therefore, fell on the 4th.

The plaintiff alleges " that said note is now past due ; that at its maturity, to wit : on the fourth day of December, 1861, it was presented for payment at the banking house of Tallant & Wilde, at San Francisco, where the same was payable, and payment thereof demanded, and thereupon the same was duly protested for non-payment, of which defendants had due notice."

It is insisted that this averment does not state a refusal to pay, and that a refusal was essential to authorize a protest ; that one of the facts necessary to charge the indorser is therefore wanting.   In discussing the form of the notice necessary to be given to the indorser in order to charge him, Mr. Parsons, in his work on Bills, page 471, says :· " The word ' protested,' used in a notice, clearly implies that the note or bill has been dishonored in all cases where a protest is necessary, and by the weight of authority this word sufficiently designates that the necessary steps have been taken, even in the case of inland bills and promissory notes, where the law does not require a protest."

Upon the same point, in the case of *Cayuga County Bank* v. *Warden*, 1 Comstock, 419, the Court say : "Another objection to the notice is, that it does not state that payment of this note was ever demanded, or that it was refused.   The notice * * * states that S. Warden's note * * * ' was this evening protested for non-payment.' * * * The case of *Mills* v. *Bank of United States*, 11 Wheat. 431, shows that it need not be stated in the notice that a demand of payment was made ; that it is sufficient to state the fact of non-payment

of the note, which the notice in this case alleges, as it states that the note was protested for non-payment. * * * I am of opinion that the notice under the circumstances of this case was sufficient." The allegation in this cause is that payment was " demanded, and thereupon the same was duly protested for non-payment." If these words clearly import a refusal, as held in the authorities cited, we do not see why the averment of the complaint is not a sufficient allegation of demand, refusal, and notice of non-payment. The complaint also contains an averment that no part of the sum due on the note, except the first instalment of interest, had been paid. We think the complaint sufficient in this respect. But it is insisted that the averments under consideration show that the demand on the fourth of December, 1861, was for the whole amount due on the note, including the prior instalments and the several instalments of unpaid interest before due, and for this reason it was not a good demand for the purpose of charging the indorser for the last instalment which fell due on that day.

The maker of the note was certainly liable for the whole amount. The demand of the greater sum included the less. The indorser had notice of the demand and dishonor of the note, and he was, therefore, in a condition to take any measures he might deem necessary to protect his interest. He could pay the amount for which he was liable, and place himself in a position to pursue the maker. We cannot see that he is in any manner placed in a worse position by reason of a demand of the whole amount due from the maker. Suppose there had been separate notes for the different instalments, instead of one note, and the demand had not been made till the last fell due—that both were demanded together, and notice given to the indorser that on that day the two notes, describing them, had been presented, demand made, and the notes protested for non-payment, would it be pretended that the indorser would not be charged upon the one that fell due on that day, on the ground that the payment of the other had been demanded at the same time? We think not. We have not been referred to any authority showing that such a demand

as is alleged would not be effectual to charge the indorser to the extent of the instalment which fell due on that day. We think it good to that extent, at least, and that the complaint shows a good cause of action against Ely for the sum of seven hundred and fifty dollars and any interest that had not become payable prior to the time the last instalment of principal fell due.

The judgment is reversed and cause remanded for further proceedings.