DETERMINED IN

# THE SUPREME COURT,

# APRIL SESSION, 1880.

| | |
|---|---|
| 54 | 613 |
| 80 | 248 |
| 80 | 354 |
| 54 | 613 |
| 81 | 157 |
| 54 | 613 |
| 102 | 270 |
| 54 | 613 |
| 120 | 499 |
| 54 | 613 |
| 124 | 417 |
| 54 | 613 |
| 131 | 603 |

[No. 6,412.]

## OULD v. STODDARD.

MORTGAGE—WAIVER OF LIEN—ACTION.—Under § 72 of the Code of Civil Procedure, "there can be but one action for the recovery of any debt * * secured by mortgage." Accordingly—where a mortgagee had prosecuted an action in Ohio to final judgment, upon a note secured by mortgage on land in this State: *Held,* that he could not afterward maintain an action for foreclosure.

APPEAL from a judgment for defendant, in the First District Court, County of Santa Barbara. Sepulveda, J.

The facts are stated in the opinion.

*Charles Fernald,* for Appellant.

Cited: *Ladd* v. *Ruggles,* 23 Cal. 000; *McMillan* v. *Richards,* 9 Id. 408; *Nagle* v. *Macy,* Id. 428; *Lord* v. *Morris,* 18 Id. 487; *Davenport* v. *Turpin,* 43 Id. 497; *Mascarel* v. *Raffour,* 51 Id. 242; *McDougal* v. *Downey,* 45 Id. 165; *England* v. *Lewis,* 25 Id. 339; *Hyman* v. *Kelley,* 1 Nev. 180.

*Richards & Boyce,* for Respondents.

The judgment of a sister State stands upon the same footing as one recovered in this State. (Freeman on Judg. § 221; Code Civ. Proc. § 1913.)

Plaintiff, by obtaining a personal judgment, waived his mort-

gage lien. (Same cases as cited by appellant's attorney; also, Pract. Act, § 246; Code Civ. Proc. § 726; *Leviston* v. *Swan*, 33 Cal. 483; *Eastman* v. *Turner*, 28 Id. 382; *Vandewater* v. *McRae*, 27 Id. 596.

Department No. 2, SHARPSTEIN, J.:

This is an appeal from a judgment in favor of the defendants, in an action to foreclose a mortgage executed by the defendants, who are husband and wife, to secure the payment of a promissory note made by the husband alone.

The only defense is, that before the commencement of this action the plaintiff brought an action and obtained a judgment upon the note against the maker in a court of competent jurisdiction, in the State of Ohio. No part of the sum recovered in that judgment has been paid, and an execution issued upon it was returned wholly unsatisfied. The Court below found, as a conclusion of law, that by proceeding in said action at law upon the note alone, the plaintiff waived his security, and cannot maintain this action for the enforcement of it.

Although the statutes of this State since 1860 have contained a provision substantially like that of the Code upon which the respondent relies, the precise question raised in this case has never been passed upon by this Court. That provision has been referred to and commented upon in several cases, but the question involved in this case did not arise in any of them. For that reason the solution of the question which has to be determined in this case cannot be materially facilitated by any reference to those cases.

The note upon which the former action was brought and judgment obtained, constituted a debt that was secured by the mortgage which the plaintiff seeks to foreclose in this action; and § 726 of the Code of Civil Procedure provides that "there can be but one action for the recovery of any debt * * * secured by mortgage." Unless it can be held that this action is not for the recovery of the debt secured by the mortgage, it necessarily follows that it cannot be maintained. There has been one action for the recovery of that debt, which culminated in a judgment

before this action was commenced, and the law says that there can be but one action for the recovery of a debt so secured. The plaintiff might have brought an action for the recovery of the debt, and demanded and obtained in it all the relief that he demands in this action. By electing to bring an action upon the note alone, did he not waive his security? It is generally conceded that the obvious intention of the Legislature in enacting the statute under consideration was to prevent a multiplicity of suits upon transactions of this character. The right to bring an action of ejectment upon a mortgage had been taken away before the enactment of this statute; and if the object of the latter enactment is not to limit a mortgagee to a single action for the recovery of a debt and the foreclosure of the mortgage by which it is secured, it would seem to be objectless. If a suit can be maintained upon a note, and another upon the mortgage by which it is secured, then no change has been effected in the law by this enactment, because a mortgagee was previously limited to those two actions. The law now in force provides for a single action, in which a mortgagee can secure all that he could formerly secure by two actions, and the necessity of two actions is therefore entirely obviated.

It is not difficult to discover the policy which dictated the enactment of this statute. The tendency of modern legislation is to prevent a multiplicity of suits, and no one doubts the wisdom of it. In order to give to this statute the force and effect which the Legislature intended it should have, we must hold that by prosecuting an action upon the note secured by the mortgage to final judgment, the plaintiff has exhausted his remedy upon both the note and the security. To hold otherwise would be to hold that there may be two actions, where the statute declares there can be but one.

Judgment affirmed.

MYRICK, J., and THORNTON, P. J., concurred.