(February 15, 1886.)

## CEDERHOLM v. LOOFBORROW ET AL.

[9 Pac. 641.]

FORECLOSURE OF CHATTEL MORTGAGE—SECOND ACTION FOR CLAIM AND DELIVERY PENDING.—Where an action to foreclose a chattel mortgage has been commenced, and is pending, a second action for claim and delivery by same plaintiffs cannot be maintained. *Held,* such an action rightfully dismissed at plaintiffs' costs.

APPEAL from District Court, Alturas County.

Kingsbury & McGowan, for Appellant.

Goods are not in custody of the law until in possession of some officer or servant of a court under or by virtue of some writ or order. (6 Wait's Actions and Defenses, p. 617; *Buckley v. Buckley,* 9 Nev. 379.) The goods not being *in custodia legis,* an action of replevin was the proper remedy and the one provided by the code. (Idaho Code, c. 16; Wells on Replevin, sec. 16; Jones on Chattel Mortgages, sec. 442.)

L. Vineyard, for Respondent.

HAYS, C. J.—Defendants gave plaintiff a chattel mortgage which became due on the first day of December, 1884. On the fourth day of December, plaintiff commenced an action to fore-close the same. On the next day he demanded possession of the mortgaged property, which was refused. Three days later he brought an action of claim and delivery for possession of the property. Defendants answered in each suit. The causes coming on to be heard were consolidated for the purpose of trial, and then, by consent, were referred to a referee to take testimony, make findings of fact and conclusions of law, and to report such judgment as he deemed proper and just. After-ward, the referee filed his report, wherein he finds as facts that the plaintiff was authorized to take possession of the mortgaged property at the time demand was made; that demand was made for possession of the property and possession refused; that at the time of demand there was due and unpaid on the mortgage $365.18. The referee reported in his conclusions of law that decree of foreclosure be entered for the amount due on the mortgage and order of sale of mortgaged property; that the second action for the possession being brought while the prop-erty was under the control and jurisdiction of the court in the former action, and under circumstances which would prevent the plaintiff from using the possession of said property for the only purpose for which he had any right to the possession, to wit, to sell the same, should be dismissed at plaintiff's costs without returning the property, as it appears to be in posses-sion of the officer whose duty it will be to sell the same under the equitable decree to be rendered and entered herein. Judg-ment was entered in accordance with the conclusions of the referee, from which judgment for costs the plaintiff appeals to this court.

Section 468 of our code provides: "There can be but one ac-tion for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal prop-erty." Section 341 of the code provides for the appointment of a receiver in action to foreclose mortgages. It is evident the legislature intended to do away with a multiplicity of ac-tions, as they have fully provided for the protection of all rights in one suit; and where the plaintiff, as in this case, chose to

enforce his rights by foreclosure, that action becomes exclusive. (*Eastman v. Turman,* 24 Cal. 382.)

The plaintiff's remedy in the first suit was full and complete. He was not only entitled to have a foreclosure of the equity of redemption and a sale of the chattels, but, also, to have the property fully protected from conversion or destruction until the same should be sold. (*Freeman v. Freeman,* 17 N. J. Eq. 44; 3 Wait's Actions and Defenses, 423.) If plaintiff failed to ask for sufficient relief in his foreclosure proceedings, that was a fault of which he cannot complain. We are aware that it has been held in many states that the two actions could be maintained, but we think they did not have such statutory provisions as are found in this territory. (Jones on Chattel Mortgages, sec. 758, and cases there cited.)

For these reasons we think the second action was rightfully dismissed at plaintiff's costs, and the judgment should be affirmed.

Buck and Broderick, JJ., concurring.