St. John v. Swanback.

G. C. ST. JOHN v. H. F. SWANBACK.

FILED MARCH 21, 1894.   No. 5365.

1. **Replevin.** The plaintiff in replevin must recover on the strength of his own title or right of possession, and not on the weakness of his adversary's.

2. ——: EVIDENCE: REVIEW.   Where, in replevin, there is a general denial and there is not evidence sufficient to show title or right of possession in the plaintiff, a judgment for the defendant will be affirmed, without considering errors in the admission of defendant's testimony or in the instructions relating to the right to recover.

3. ——: ——: DAMAGES: REMITTITUR.   A replevied from B a buggy which B, as constable, had seized under an execution against C.   The execution amounted to something over $10.   The admitted value of the buggy was $150, and no damages were proved on behalf of defendant.   The jury returned a verdict for the defendant, assessing the value of his possession at $150, and his damages at $10.   The defendant remitted $150 from the verdict, and judgment was entered for $10.   *Held,* That the remittitur cured the errors in the assessment of the amount of recovery.

ERROR from the district court of Cass county.   Tried below before CHAPMAN, J.

*C. S. Polk, E. H. Wooley,* and *Mockett, Rainbolt & Polk,* for plaintiff in error.

*A. N. Sullivan, contra.*

IRVINE, C.

The defendant in error, a constable, levied upon a buggy as the property of one Baird. St. John replevied it. The theory of the plaintiff was that Baird had borrowed the buggy from plaintiff for the purpose of driving from Lincoln to Greenwood, in Cass county, and that it had been seized in Greenwood as Baird's property, when in fact it belonged to St. John. An answer containing a general denial was filed. The jury in the district court found a verdict in favor of the defendant, assessing the value of his possession at $150, and his damages at $10. The judgment under which the levy was made was $6.10, together with costs, taxed at $3.15. There were constable's fees upon the execution amounting to $1. The district court overruled a motion for a new trial upon the defendant's filing a remittitur for $150, and rendered judgment for the defendant for $10.

Numerous errors are assigned, but it will not be necessary to consider many of them. The proof wholly fails to show any ownership in St. John. St. John was not a witness. His whereabouts was apparently unknown to his attorneys at the time of the trial. Baird was not a witness. The only evidence directed in any degree towards proof of ownership in St. John was that of J. Cline and A. B. Cline. The former testifies that he owned a livery stable in Lincoln, and that St. John had a buggy which he kept at the stable, and that this was the buggy which Baird drove to Greenwood. But on cross-examination it appears that Baird had charge of the stable and that Cline knew nothing as to the ownership of this buggy, except that he had seen St. John's name in the books of the stable. A. B. Cline testifies that he was employed about the stable; that he knew St. John by sight, and had seen St. John drive into the stable with the buggy. This was all he knew. This was entirely insufficient to warrant

the jury in finding that St. John was the owner, and in any view of the evidence the defendant was entitled to a verdict. The plaintiff in replevin must recover on the strength of his own title, and the court would have been warranted in directing a verdict for the defendant. Any errors in the admission of defendant's evidence or in the instructions·are, therefore, without prejudice. :

It is said that there was prejudicial error in instructing the jury that if it found for the defendant it should find the value of the property at $150. This error was cured by the remittitur entered. There was no foundation for any verdict for substantial damages in favor of the defendant, and the verdict was in that respect erroneous. But the value of defendant's possession was shown by the execution to be at least $10, so that when a remittitur was filed for $150, and judgment entered for only $10, these errors were·cured.

JUDGMENT AFFIRMED.

POST, J., not sitting.