[L. A. No. 508.   Department One.—May 16, 1899.]

JEAN MARIE CAMPAN, Appellant, v. J. M. MOLLE and JENNIE MOLLE, Respondents.

Vendor and Purchaser—Loan to Purchaser—Promise of Mortgage—Judgment upon Note—Action to Set Aside Homestead Claim.—One who has loaned money to a purchaser of land with which to complete the purchase, and obtain title, and who has taken a note from the purchaser and his wife, under promise of a mortgage to secure it, when title was obtained, cannot, after their refusal to execute the mortgage, as promised, and the filing of a homestead claim upon the premises, and the subsequent obtaining of judgment by him upon the note, maintain an action to set aside and cancel the declaration of homestead, and to apply the land to the payment of the judgment.

Id.—Subrogation to Rights of Vendor—Pleading.—If the complaint in such action does not contain the contract between the vendor and purchaser, or show that the vendor had rights which he could enforce against the purchaser, or show when the money was paid, or the land conveyed, it does not show that the plaintiff was subrogated to any rights of the vendor. As the vendor retained the title until the purchase money was paid, there was no vendor's lien to which the plaintiff could be subrogated.

Id.—Equitable Mortgage not Superior to Homestead.—Assuming that the agreement by the purchaser to give a mortgage to the lender of the money constituted an equitable mortgage, it cannot be superior to a declaration of homestead filed by the purchaser, if no mortgage was in fact executed and filed for record, prior to the filing of the declaration of homestead.

Id.—Personal Judgment—Election—Waiver of Equitable Mortgage. There can be but one action for the enforcement of a debt secured by mortgage; and by putting the promissory note into a personal judgment without seeking in that action to enforce an equitable mortgage against the homestead claimants, the owner of the note thereby elected to look only to the personal obligation of the makers, and waived and was deprived of any equitable mortgage that he might have, by failure to enforce it in that action.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

Appel & Whitney, for Appellant.

Walter F. Haas, for Respondents.

HARRISON, J.—On July 11, 1896, the defendant, J. M. Molle, held an agreement for the purchase of a parcel of land from the owner thereof for the sum of three hundred and fifty dollars, and at his request plaintiff on that date loaned to the defendants the said sum of money, for which they executed to him their promissory note, and afterward applied the money in payment of the balance due on the agreement, and obtained the legal title to the land. The plaintiff alleges, "upon information and belief," that the defendants promised him that if he would advance the said money they would secure him in its payment by giving him a mortgage upon the land when they should obtain the legal title thereto; and alleges that after they had obtained the legal title they refused to execute said mortgage. Subsequently, the plaintiff brought an action upon the note, and, on the 29th of March, 1897, obtained judgment against the defendants and each of them for its amount. Prior thereto, viz., January 18, 1897, Molle had filed a declaration of homestead upon the premises. The plaintiff seeks by this action a judgment setting aside and canceling this declaration of homestead as void, and that the land he applied toward the payment of his judgment. A demurrer to the complaint was sustained by the superior court, and from the judgment thereon the plaintiff has appealed.

It is claimed in support of the appeal that by virtue of the transaction between the plaintiff and the defendants the plaintiff was subrogated to the rights of the vendor of the land, and is entitled to enforce the claim against the land as fully as could the vendor. The complaint does not, however, contain the contract between the vendor and the defendants, or show the relation between them. Nor does it appear therefrom that the vendor had any rights which he could enforce against them.

It merely shows that the defendants had the right to purchase the land for a given sum of money. It does not appear at what time the defendants paid the money to the vendor, or when the land was conveyed to them, and, as the vendor was to retain title to the land until full payment therefor should be made, there was no vendor's lien to which the plaintiff could be subrogated. The transaction between the plaintiff and the defendants was merely a loan of money upon their agreement to give him security, which they afterwards refused to do.

Neither can the claim of the appellant that he has a lien upon the land in the nature of an equitable mortgage prior to that of the homestead be maintained. If it be assumed that the agreement between him and the defendants constituted an equitable mortgage, the statute declares that the homestead claim is superior to the lien of a mortgage created before the filing of the declaration of homestead, unless such mortgage was "executed and recorded" prior thereto. (Civ. Code, sec. 1241, subd. 4.) By putting his claim upon the promissory note into a personal judgment after the declaration of homestead had been filed, he elected to look to the personal obligation of the defendants instead of the security promised by them. If he would have claimed a priority over the lien of the homestead, he should have asserted it in that action. Section 726 of the Code of Civil Procedure declares that: "There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate"; and, if the plaintiff held an equitable mortgage upon the premises, his failure to enforce it in that action had the effect to deprive him of such security. (*Mascarel v. Raffour*, 51 Cal. 242; *Ould v. Stoddard*, 54 Cal. 613.)

If the claim of homestead is ineffective, his remedy at law by means of an execution upon his judgment is ample.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.