[No. 5129.]
[No. 2719 C. A.]

KELLY ET AL. v. LEWIS.

1.  Appellate Practice — Pleading — Evidence—Variance—Harmless Error.

    In an action of replevin to recover certain mining machinery, it appeared that the machinery had been placed on leased min-

ing claims, by a mining company, lessee, by assignment, from plaintiff; that shortly after taking possession, a judgment creditor obtained the machinery under execution, and sold the same to defendant; and later plaintiff claimed a forfeiture of the lease and took possession of the mining claim, from which defendant removed the machinery. Defendant alleged in his answer that, before his judgment debtor would accept the assignment of the lease, it required plaintiff to make a contract permitting it to remove all machinery and tools upon forfeiture or termination of the lease. Upon the trial, a contract between plaintiff and his immediate lessee was introduced in evidence, and on cross-examination of plaintiff's witness, it appeared that plaintiff and his immediate lessee entered into such contract relative to the removal of the machinery and tools preparatory to the assignment of the lease to the mining company. The contract showed that the immediate lessee and his assigns were to be permitted to remove the fixtures, and the evidence showed that the mining company took an assignment of the lease and that such supplemental contract was turned over to it and remained in its possession until the trial. Held, that plaintiffs were not prejudiced by the admission of such contract on the theory that defendant had been allowed to prove a different contract than that alleged in the answer.—P. 21.

2. **Replevin—For Possession Merely—Title and Right of Plaintiff.**

The action of replevin is one for possession merely; but it is incumbent upon the plaintiff to show that at the time of the issuance of the writ he was entitled to the immediate possession, and it is not sufficient to show that a third party was entitled to the possession, or that the possession of defendant was erroneously obtained.—P. 22.

*Error to the District Court of Gilpin County.*
*Hon. A. H. DeFrance, Judge.*

Action by William H. Kelly and Joseph B. Hafer against William J. Lewis. From a judgment for defendant, plaintiffs bring error.   *Reversed.*

Mr. GEORGE W. FORMAN and Mr. CHAS. WITHROW, for plaintiffs in error.

Mr. HENRY HOWARD, Jr., for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court:

The plaintiffs below (and here) brought an action in replevin to recover the possession of certain mining machinery. The property had been placed upon certain mining claims by The Kelly Mining Company, lessee, by assignment of the claims from the plaintiff Hafer. Before The Kelly Mining Company took an assignment of the lease, Hafer agreed in writing not to hold or claim a lien upon the machinery or tools placed upon the property, and consented that they might be removed at any time, provided all royalties and expenses incurred under the lease were fully paid. Some time after the Kelly company entered into the possession of the personal property, it was levied upon under a writ of execution from the county court of Arapahoe county, and sold by the sheriff to R. E. Goodlet for the amount of the judgment, and was afterwards sold to the defendant Lewis. The mining company went into possession of the property in December, 1898, and on June 20th following, Hafer, asserting the failure of the company to work and develop the claims as provided by the lease, took possession of the property. The court directed the jury to return a verdict in favor of the defendant. The case was taken by writ of error to the court of appeals. The assignments of error argued we shall consider in the course of the opinion.

A bond was given by the defendant for the return of the property. The bond being defective, the plaintiffs moved for an order directing the sheriff and the defendant to deliver the property replevied to plaintiffs. This motion was overruled and the defendant was granted leave to file an amended bond. This action of the court is assigned as error, but, as

it does not affect the merits of the controversy, we shall not consider it.

The defendant alleged in his answer that, before The Kelly Mining Company would accept the assignment of the lease, "they required of Joseph G. Hafer a contract in writing, wherein and whereby it was agreed that whatever machinery and tools and implements were placed upon said mining claim by the said Kelly Mining Company, in working and developing said mining claim under said lease and bond, should be and remain the property of the company, and, upon forfeiture or termination of said lease and bond, that the said company, its agents or assigns, should have the right to remove the same."

On cross-examination of plaintiffs' witnesses it appeared that the plaintiff, Hafer, and the lessee, Goodlet, entered into the contract relative to the removal of the machinery and tools preparatory to the assignment of the lease to the Kelly company. A contract between Goodlet and Hafer was introduced, without objection. On cross-examination of one of plaintiffs' witnesses, the witness was permitted to testify, over plaintiffs' objections, that the contract was between Hafer and Kelly. Plaintiffs insist that the defendant has been allowed to prove a different contract than that alleged in the answer, and that they have been prejudiced by the ruling. The answer does not allege, in express terms, that the contract was between The Kelly Mining Company and Hafer, but does allege that, before the company would accept an assignment of the lease, they required Hafer to make a contract allowing the Kelly company to remove the fixtures. The contract produced shows that Goodlet and his assigns were to be permitted to remove the fixtures. The testimony shows that the company took an assignment of the

lease, and that the supplemental agreement was turned over to it, and that it had the possession of it until the trial. The plaintiffs have not been prejudiced by the ruling.

Very many questions concerning the action of the sheriff in making the levy were raised, but we do not regard them as being material. The action of replevin is one for the possession merely. It is incumbent upon the plaintiffs to show that, at the time of the issuance of the writ, they were entitled to the immediate possession of the property, and it is not sufficient to show that a third party was entitled to the possession, or that the possession of the defendant was obtained through an irregular sale by the sheriff.—*Buchanan v. Scandia Plow Co.*, 6 Colo. App. 34.

The plaintiff must recover, if at all, on his own title, and not on any defect or weakness of the adversary.—Cobbey on Replevin, § 99.

The vital question for determination is whether all the royalties and expenses incurred under the lease were, or were not, paid. Upon its determination depends the right of the respective parties to the property in controversy. Under the terms of the agreement, the machinery and tools were the property of The Kelly Mining Company, and the company had the right to retain them only in event all the royalties and expenses were paid in full. Upon this subject there was a conflict in the testimony, and the court should have submitted the question to the jury. The court therefore erred in directing a verdict, and for that reason we must reverse the case.                                    *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.