(February 13, 1923.)

## MOUNTAIN HOME SHEEP COMPANY, Appellant, v. FARADAY & WEAVER, Respondents.

[212 Pac. 970.]

REPLEVIN—TITLE TO MAINTAIN ACTION—EVIDENCE.

    1. In an action in claim and delivery, plaintiff must recover on the strength of his own title, and not on the weakness of defendant's title.

    2. *Held,* under the facts of this case, appellant failed to establish his title to or right to possession of the personal property involved.

APPEAL from the District Court of the Third Judicial District, for Elmore County. Hon. Charles F. Reddoch, Judge.

Action in claim and delivery. Judgment for respondents. *Affirmed.*

E. G. Davis, for Appellant.

"The question of the sufficiency of the description of property in a chattel mortgage is one of law and not of fact, and if such description is sufficient as between the mortgagor and the mortgagee, it cannot be questioned by a stranger to the title of the mortgagor. The sufficiency of such description can be questioned only by a purchaser in good faith from the mortgagor or his vendee, or by one who claims protection under the law requiring chattel mortgages to be recorded." (5 R. C. L. 430; *Wilson v. Rustad,* 7 N. D. 330, 66 Am. St. 649, and note, 75 N. W. 260; *Kelley v. Andrews,* 102 Iowa, 119, 71 N. W. 251; note in 25 L. R. A., N. S., 114; 11 C. J. 457, and authorities cited in notes 30, 31, 32.)

Both the Bengoecheas and the defendant had legal notice that the mortgagee, the Spokane Cattle Loan Co., the predecessor in interest of the plaintiff, claimed possession of the

"Mrs. Bengoechea" car for purposes of sale. At no time have they raised any question as to the validity of the transfer of title to this property from the Spokane Cattle Loan Co., the mortgagee, to the plaintiff.

If the owner of property stands by and sees another sell property as his own without asserting his own title, or giving the purchaser any notice of it, he is estopped as against such purchaser from asserting it afterwards. (*Vilas v. Mason,* 25 Wis. 310; *Guffey v. O'Reiley,* 88 Mo. 418, 57 Am. Rep. 424, and note; *Markham v. O'Connor,* 52 Ga. 183, 21 Am. Rep. 249; *Nevin v. Belknap,* 2 Johns. (N. Y.) 573; *Guthrie v. Quinn,* 43 Ala. 561; *Engle v. Burns,* 5 Call (Va.), 463, 2 Am. Dec. 593; *Storrs v. Barker,* 6 Johns. Ch. (N. Y.) 166, 10 Am. Dec. 316; *Henderson v. Overton,* 2 Yerg. (Tenn.) 394, 24 Am. Dec. 492; *Marines* v. *Goblet,* 31 S. C. 153, 17 Am. St. 22, and note, 9 S. E. 803; *Power's Appeal,* 125 Pa. St. 175, 11 Am. St. 882, and note, 17 Atl. 254; see note, 57 Am. Rep. 429.)

J. G. Watts, for Respondents, files no brief.

BUDGE, C. J.—This is an action in claim and delivery, brought to recover possession of two automobiles or their value in case delivery cannot be had. The court directed a verdict in favor of appellant as to one of the automobiles, as to which there is no controversy here, and this appeal is from that part of the judgment, based upon the verdict of the jury, awarding possession of the other automobile to respondents.

The complaint alleges ownership and right of possession in appellant. Respondents' answer alleges right of possession based upon a lien for repairs and sets up the title in one Mrs. Jose Bengoechea. Upon the issues thus framed the cause was tried in the court below.

It appears from the record that one Jose Bengoechea executed a chattel mortgage to the Spokane Cattle Loan Company upon certain sheep and camp equipment, including "All horses, camp outfits and camp equipment of every kind

and description, used in the management of said sheep, consisting of about 100 horses, 20 camp wagons and camps, trucks and automobiles. . . . . ''

Appellant sought to show its title and right of possession based upon this chattel mortgage, claiming that the automobile was covered by the mortgage, that the mortgage was foreclosed and the automobile bid in by the Spokane Cattle Loan Company. Thereafter, a bill of sale was given by the latter company to appellant covering this car. It affirmatively appears from the record that this automobile was the sole and separate property of Mrs. Bengoechea and that it was not included or intended to be included in the chattel mortgage heretofore mentioned. We think, therefore, that appellant failed in its proof to establish either its title or right to possession of this car.

This being an action in claim and delivery the only question for determination was that of the right of possession, and it was incumbent upon appellant to establish its right of possession upon the strength of its own title and not the weakness of respondents' title. (*Carstensen & Anson Co. v. Wright,* 25 Ida. 492, 138 Pac. 830; *St. John v. Swanback,* 39 Neb. 841, 58 N. W. 288; *Robb v. Dobrinski,* 14 Okl. 563, 1 Ann. Cas. 981, 78 Pac. 101; *Gallick v. Bordeaux,* 31 Mont. 328, 78 Pac. 583; *Kelly v. Lewis,* 38 Colo. 18, 88 Pac. 388.)

The ownership or right of possession as between Mrs. Bengoechea and respondents is not involved in this proceeding, she not being a party to this action, and, while it may be true that respondent was a trespasser and acquired no lien by virtue of which possession might be retained as against Mrs. Bengoechea, it is of no avail in this action to appellant.

The judgment of the lower court is affirmed. Costs are awarded to respondents.

McCarthy, Dunn and Wm. E. Lee, JJ., concur.