(January 3, 1925.)

## PORTLAND CATTLE LOAN COMPANY, a Corporation, Appellant, v. ANDY A. BIEHL, Respondent.

[245 Pac. 88.]

CHATTEL MORTGAGE — FORECLOSURE — EXCLUSIVE REMEDY — WAIVER OF LIEN.

> Under C. S., sec. 6949, there can be but one action for the recovery of any debt or the enforcement of any right secured by a mortgage upon real or personal property, and where the holder of a chattel mortgage upon a herd of cattle foreclosed its mortgage on those that were voluntarily turned over, it could not thereafter maintain a separate action in claim and delivery for the recovery of the animals held by a third party under the claim of an agister's lien.

APPEAL from the District Court of the Eleventh Judicial District, for Cassia County. Hon. T. Bailey Lee, Judge.

Action in claim and delivery. Judgment for respondent. *Affirmed.*

Morris & Griswold and Karl Paine, for Appellant.

The contention of respondent that the confession of judgment constituted an election on the part of appellant not to enforce its mortgage lien against the cattle in question or constituted such a merger of its mortgage lien in the lien of the judgment as to destroy it, prostitutes the principles of law invoked to support it. (*Westheimer v. Thompson,* 3 Ida. 560, 32 Pac. 205; *Wilson v. Linder,* 21 Ida. 576, 578, Ann. Cas. 1913E, 148, 127 Pac. 487; 27 Cyc. 1377 et seq.; 19 R. C. L. 484; *Pugh v. Sample,* 123 La. 791, 49 So. 526,

Publisher's Note.
  See 19 R. C. L. 509.

  See Chattel Mortgages, 11 C. J., sec. 301, p. 601, n. 92; sec. 494, p. 701, n. 84 New.

39 L. R. A., N. S., 834, and note thereto; *Whitley v. Spokane Ry. Co.*, 23 Ida. 642, 132 Pac. 121; *Boise Development Co. v. Boise City*, 30 Ida. 675, 167 Pac. 1032.)

Appellant was authorized to institute the present action to recover the steers, or their value. (*First Nat. Bank of St. Anthony v. Steers*, 9 Ida. 519, 108 Am. St. 174, 75 Pac. 225.)

C. S., sec. 6949, is not applicable to the facts of this case for the following reasons: (a) The inhibition against a plurality of actions is limited to a case where the mortgage given is collateral to the particular right which the action is brought to enforce. (*Vandewater v. McRae*, 27 Cal. 596.) This provision, being clearly designed for the protection of the primary debtor, is one which he not only can waive, but it is one which has no applicability whatever unless the action which is brought directly affects his rights under the mortgage contract. The mortgage only affects the remedy against the mortgagor or primary debtor. (*Martin* v. *Becker*, 169 Cal. 301, Ann. Cas. 1916D, 171, 146 Pac. 665.)

The restriction of remedies to a foreclosure of the mortgage is not applicable in suits against strangers. (*King v. Harford*, 48 Cal. App. 405, 191 Pac. 998; *Gray v. Davison*, 78 Wash. 482, 139 Pac. 219; *First Nat. Bank v. Commercial Union Assur. Co.*, 40 Ida. 236, 232 Pac. 899; *Blumberg v. Birch*, 99 Cal. 416, 37 Am. St. 67, 34 Pac. 102; *Merced Security Sav. Bank v. Casaccia*, 103 Cal. 641, 37 Pac. 648; *Craig v. Burns*, 65 Mont. 550, 212 Pac. 856; *Murphy v. Hellman Commercial Trust & Savings Bank*, 43 Cal. App. 579, 185 Pac. 485.)

The foreclosure proceeding resulted in a deficiency judgment against the mortgagor, and when the security failed to extinguish the debt the mortgagee had the right to proceed against any person who had converted any part of the security, and this right was in nowise dependent upon whether the one so converting was or was not a party to the foreclosure proceeding. (*German-American State Bank v. Seattle Grain Co.*, 89 Wash. 376, 154 Pac. 443; *Boydston v. Morris*, 71 Tex. 697, 10 S. W. 331.)

One who has put the mortgaged property beyond the reach of the mortgagee cannot complain that the mortgagee does not proceed against the property, or sue in trover, and is in no position to determine for the mortgagee his choice of remedies. (*Bollen v. Wilson Creek Union Grain & Trading Co.*, 90 Wash. 400, 156 Pac. 404.)

The lien of the mortgage was not extinguished by merger in the deficiency judgment. (*Beecher v. Thompson*, 120 Wash. 520, 29 A. L. R. 699, 207 Pac. 1056; *Westheimer v. Thompson*, 3 Ida. 560, 32 Pac. 205; *Factors & Traders' Ins. Co. v. Murphy*, 111 U. S. 738, 4 Sup. Ct. 679, 28 L. ed. 582; *First National Bank v. Northwestern Elevator Co.*, 4 S. D. 409, 57 N. W. 77; *Muncie Nat. Bank v. Brown*, 112 Ind. 474, 14 N. E. 358; *Swedish-American Nat. Bank v. Dickinson Co.*, 6 N. D. 222, 69 N. W. 455, 49 L. R. A. 285; *Cassidy & McFadden v. Saline County Bank*, 7 Ind. Ter. 543, 104 S. W. 829; *Gilmore v. Kilpatrick-Koch Dry Goods Co.*, 101 Iowa, 164, 70 N. W. 175.)

The sufficiency of appellant's pleadings cannot be tested by a motion for nonsuit. (*Ludwig v. Ellis*, 22 Ida. 475, 126 Pac. 769; *Mole v. Payne*, 39 Ida. 247, 227 Pac. 23; *Coulsen v. Aberdeen-Springfield Canal Co.*, 39 Ida. 320, 227 Pac. 29, 31.) Under any theory of the case, appellant is entitled to the benefit of every presumption and inference that the court can legitimately draw from the admitted allegations of the supplemental complaint. (*Marshall v. Gilster*, 34 Ida. 420, 201 Pac. 711; *Smith v. Marley*, 39 Ida. 779, 230 Pac. 769.)

In order to establish waiver the intention to waive must clearly appear, and it will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby unless, by his conduct, the opposite party was misled to his prejudice into the honest belief that such waiver was intended or consented to. (*City of Coeur d'Alene v. Spokane etc. R. R. Co.*, 31 Ida. 160, 169 Pac. 930; *Neitzel v. Lawrence*, 40 Ida. 26, 231 Pac. 423.)

W. W. Mattinson and S. T. Lowe, for Respondent.

The appellant waived the mortgage lien, elected its remedy and exhausted its right to proceed further, either upon the notes or the security. (C. S., sec. 6949; *Cederholm v. Loofborrow,* 2 Ida. 191, 9 Pac. 641; *Ould v. Stoddard,* 54 Cal. 513; *Brice* v. *Walker,* 50 Cal. App. 49, 194 Pac. 721; *De-Laval Pacific Co. v. United Cleaners & Dyers Co.,* 65 Cal. App. 584, 224 Pac. 766.)

Under the provisions of C. S., sec. 6949, in the case of a chattel mortgage securing the payment of a promissory note there can be but one action for the enforcement of the debt secured thereby, and where the plaintiff sues upon the note and prosecutes it to judgment, this constitutes a waiver of the remedy by foreclosure of the mortgage. (*Craiglow v. Williams,* 45 Cal. App. 514, 188 Pac. 76; *Brown v. Willis,* 67 Cal. 235, 7 Pac. 682; *McKeen v. German American Sav. Bank,* 118 Cal. 334, 50 Pac. 656; *Woodward v. Brown,* 119 Cal. 283, 63 Am. St. 108, 51 Pac. 2, 542; *Meyer v. Weber,* 133 Cal. 681, 65 Pac. 1110; *Crisman v. Lanterman,* 149 Cal. 647, 117 Am. St. 167, 87 Pac. 89; *Gnarini v. Swiss American Bank,* 162 Cal. 181, 121 Pac. 726.)

The plaintiff was only authorized to institute the action against the defendant to recover possession of the personal property described in the complaint of the plaintiff because of the existence of the mortgage. (*First Nat. Bank v. Steers,* 9 Ida. 519, 108 Am. St. 174, 75 Pac. 225; *Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63; *Marchand v. Ronaghan,* 9 Ida. 95, 72 Pac. 731.)

When a mortgage is enforced against a part of the security, the mortgagee thereby waives his mortgage as to the remainder of the security. (*Mascarel v. Raffour,* 51 Cal. 242; *Brown v. Willis,* 67 Cal. 235, 7 Pac. 682; *Hall v. Arnott,* 80 Cal. 348, 22 Pac. 200; *Craiglow v. Williams,* 45 Cal. App. 514, 118 Pac. 76; *Gnarini v. Swiss American Bank,* 162 Cal. 181, 121 Pac. 726; *Crisman v. Lanterman,* 149 Cal. 647, 87 Pac. 89; *Meyer v. Weber,* 133 Cal. 681, 65 Pac. 1110; *Woodward v. Brown,* 119 Cal. 283, 63 Am. St. 108, 51 Pac. 2,

542; *McKeen v. German American Bank,* 118 Cal. 334, 50 Pac.
656; *Toby v. Oregon Pac. R. Co.,* 98 Cal. 490, 33 Pac. 550;
*Barbieri v. Ramelli,* 84 Cal. 154, 23 Pac. 1086; *Biddel v.
Brizzolara,* 64 Cal. 354, 30 Pac. 609; *Berg v. Carey,* 40 Ida.
278, 232 Pac. 904.)

When the mortgagee proceeded to take a personal judg-
ment against the mortgagor, he thereby waived his mort-
gage and accepted the personal liability of the mortgagor.
(*Commercial Bank of Santa Ana v. Kerchner,* 120 Cal. 495,
52 Pac. 848; *Stockton Savings & Loan Co. v. Harrold,* 127
Cal. 612, 60 Pac. 165; *Evans v. Warren,* 122 Mass. 303;
*Whitney v. Farrar,* 51 Me. 418; *Dyckman v. Sevatson,* 39
Minn. 132, 39 N. W. 73.)

There was a privity of interest in the property mortgaged
between the mortgagor and the respondent, and the mort-
gagor could not, therefore, waive the statute. (*Utah Asso-
ciation of Credit Men v. Jones,* 49 Utah, 519, 164 Pac. 1029.)

The foundation for plaintiff's action was the existence of
the mortgage, and when it waived its security by foreclosing
on a portion of the security and taking a judgment for the
deficiency, it waived its right to maintan its action. (*Dix
v. Smith,* 9 Okl. 124, 60 Pac. 303, 50 L. R. A. 714.)

WILLIAM A. LEE, J.—Appellant brought an action in
claim and delivery to recover from respondent 176 head of
cattle which were included in a chattel mortgage held by
appellant. The cause was tried to a jury, and after appel-
lant had rested respondent moved for a nonsuit, which was
granted. From the judgment of dismissal entered against
appellant this appeal has been taken, it being assigned that
the court erred in sustaining the motion for nonsuit and
in rendering the judgment of dismissal.

In its complaint appellant alleged that one H. E. King
had executed to it a chattel mortgage on some 700 head of
cattle; that respondent had taken possession of and was
detaining 176 head of steers covered by said mortgage;
that demand had been made upon respondent to turn over
the possession of said animals to appellant, but that respond-

ent withheld said property from appellant. The complaint then prayed for judgment for recovery of said personal property from respondent or the value thereof. Issue was formed by way of answer made to this complaint by respondent. Thereafter a supplemental complaint was filed by appellant in which it was alleged that since the commencement of the action the chattel mortgage above mentioned had become due and appellant had foreclosed the same by notice and sale, but that such foreclosure and sale did not include the 176 head of steers in respondent's possession; that after said foreclosure and sale there still remained due on the mortgage indebtedness a deficiency of $11,618.14 for which sum the mortgagor had authorized the entry of judgment against him; and that said judgment had not been paid. Demand is then made for judgment as prayed for in the original complaint. Objections were made to the filing of this supplemental complaint which were overruled, and it was stipulated that an answer thereto might be dictated into the record, whereupon counsel for respondent stated that the nature of such answer would be an admission of the truth of the supplemental complaint, with the allegation that the entry of the judgment against the mortgagor constituted a waiver of appellant's lien against the mortgaged property, and the cause was tried upon such issues.

C. S., sec. 6949, provides in part that: "There can be but one action for the recovery of any debt or the enforcement of any right secured by a mortgage upon real or personal property . . . . "

The above provision of the statute has long been the law in this state, and in the early case of *Cederholm v. Loofborrow,* 2 Ida. 191, 9 Pac. 641, this section was construed, and, after quoting the section, the court said:

"It is evident the legislature intended to do away with a multiplicity of actions, as they have fully provided for the protection of all rights in one suit; and where the plaintiff, as in this case, chose to enforce his rights by foreclosure, that action becomes exclusive. (*Eastman v. Turman,* 24 Cal. 382.)

"The plaintiff's remedy in the first suit was full and complete. He was not only entitled to have a foreclosure of the equity of redemption and a sale of the chattels, but, also, to have the property fully protected from conversion or destruction until the same should be sold. (*Freeman v. Freeman*, 17 N. J. Eq. 44; 3 Wait's Actions and Defenses, 423.) If plaintiff failed to ask for sufficient relief in his foreclosure proceedings, that is a fault of which he cannot complain. We are aware that it has been held in many states that the two actions could be maintained, but we think they did not have such statutory provisions as are found in this territory. (Jones on Chattel Mortgages, sec. 758, and cases there cited.)"

The facts of the above case are similar to the one at bar, although it appears that there the foreclosure action included the property sought to be recovered by an action in claim and delivery. If appellant in the instant case had included in its foreclosure action the 176 head of steers in possession of respondent which were covered by its mortgage, the question as to the waiver of its mortgage lien could not have arisen, but having failed to do so, we think it cannot now contend in the face of the statute, which is plain and unambiguous, *a fortiori*, in view of the decisions construing it, which construction is in harmony with that generally given to this statute, that more than the one action can be maintained for the collection of a debt secured by its chattel mortgage. (*Cederholm v. Loofbarrow, supra; First Nat. Bank v. Williams*, 2 Ida. 670, 23 Pac. 552; *Rein v. Callaway*, 7 Ida. 634, 65 Pac. 63; *Clark v. Paddock*, 24 Ida. 142, 132 Pac. 795, 46 L. R. A., N. S., 475; *Dighton v. First Exch. Nat. Bank*, 33 Ida. 273, 192 Pac. 832.)

In *Ould v. Stoddard*, 54 Cal. 613, wherein that court construed sec. 726 of the Code of Civil Procedure, which is the same as our statute, it is said:

"It is not difficult to discover the policy which dictated the enactment of this statute. The tendency of modern legislation is to prevent multiplicity of suits, and no one doubts the wisdom of it. In order to give to this statute the force

and effect which the legislature intended that it should have we must hold that, by prosecuting an action upon the note secured by the mortgage to final judgment, the plaintiff has exhausted his remedy upon both the note and the security. To hold otherwise would be to hold that there may be two actions, where the statute declares there can be but one.''

Appellant argues that even though the mortgagor, King, might have objected to · the foreclosure of the mortgaged property not withheld from appellant by respondent, he waived his right to do so, and therefore respondent cannot now complain for him. But appellant has exhausted its cause of action under the mortgage by foreclosing the same against that part of the mortgaged property that was voluntarily delivered and has taken a deficiency judgment against the mortgagor for the amount remaining after the sale and the application of the proceeds derived from such sale of a part of the mortgaged property upon the mortgage indebtedness. This being an action in claim and delivery, appellant must recover upon the strength of its own title and not upon the weakness of respondent's title. (*Mountain Home Sheep Co. v. Faraday & Weaver*, 36 Ida. 633, 212 Pac. 970.)

Appellant having exhausted its remedy under its mortgage, the judgment of the district court should be affirmed, and it is so ordered. Respondent to recover costs.

McCarthy, C. J., and Wm. E. Lee, J., concur.

(April 22, 1926.)

ON REHEARING.

MORTGAGE FORECLOSURE—DEFICIENCY JUDGMENT—CLAIM AND DELIVERY
ACTION BY MORTGAGEE.

> A deficiency judgment made and entered on mortgage fore-
> closure constitutes a determination that the mortgage security has
> been exhausted. Such judgment determines the rights of the
> mortgagee under the mortgage, and the mortgagee cannot go
> behind such judgment in a claim and delivery action and maintain
> that under the mortgage it is entitled to the possession of the
> remainder of the chattels covered by the mortgage and not dis-
> posed of at foreclosure sale.

WM. E. LEE, J.—A further study of this case has con-
vinced me that the judgment of nonsuit must be affirmed,
but for reasons somewhat different from those advanced
in the principal opinion. The cases of *Cederholm v. Loof-
borrow,* 2 Ida. 191, 9 Pac. 641, and *Ould v. Stoddard,* 54
Cal. 613, are not controlling. Claim and delivery is not
the "one action" to foreclose a mortgage (C. S., sec. 6949),
and it may be maintained against a stranger for the pos-
session of the mortgaged chattels, where the mortgage en-
titles the mortgagee to possession therefor. (*First Nat. Bank
of St. Anthony v. Steers,* 9 Ida. 519, 108 Am. St. 174, 75
Pac. 225.) Even though claim and delivery were the "one
action," respondent here is not the mortgagor, and it is
by no means certain that he could raise that question.
(*Murphy v. Hellman Commercial Trust & Savings Bank,*
43 Cal. App. 579, 185 Pac. 485; *Martin v. Becker,* 169 Cal.
301, Ann. Cas. 1916D, 171, 146 Pac. 665.) The complaint
originally stated a cause of action in claim and delivery,
but, by the supplemental complaint, it was alleged by the
mortgagee that, subsequent to the institution of the action
in claim and delivery, it had foreclosed its mortgage on a
portion of the mortgaged chattels and had taken a deficiency
judgment for the entire balance of its secured debt. While
it would seem that the mortgagee was not entitled to a de-

ficiency judgment against the mortgagor until it had sub-
jected all the mortgaged property to the payment of the mort-
gage debt, the fact remains that judgment was actually made
and entered for the deficiency. The judgment left nothing
to be adjudicated and constituted a determination that the
mortgage security had been exhausted. The deficiency judg-
ment determined the rights of the mortgagee under the
mortgage, and, while the judgment stands, appellant cannot
go behind it and claim that under the mortgage it is en-
titled to the possession of the remainder of the mortgaged
property. (5 Cal. Jur. 107; *Ex parte Braun*, 51 Cal. App.
202, 196 Pac. 499.) The deficiency judgment for the sum
remaining due, after crediting the sum received from a sale
of a portion of the mortgaged chattels, deprives appellant
of any right to the possession of any of the chattels covered
by the mortgage and not disposed of at foreclosure sale.

Givens and Taylor, JJ., concur.