A further study of this case has convinced me that the judgment of nonsuit must be affirmed, but for reasons somewhat different from those advanced in the principal opinion. The cases of Cederholm v. Loofborrow, 2 Idaho 191, 9 P. 641, andOuld v. Stoddard, 54 Cal. 613, are not controlling. Claim and delivery is not the "one action" to foreclose a mortgage (C. S., sec. 6949), and it may be maintained against a stranger for the possession of the mortgaged chattels, where the mortgage entitles the mortgagee to possession therefor. (First Nat. Bankof St. Anthony v. Steers, 9 Idaho 519, 108 Am. St. 174, 75 Pac. 225.) Even though claim and delivery were the "one action," respondent here is not the mortgagor, and it is by no means certain that he could raise that question. (Murphy v. HellmanCommercial Trust Savings Bank, 43 Cal.App. 579,185 Pac. 485; Martin v. Becker, 169 Cal. 301, Ann. Cas. 1916D, 171,146 P. 665.) The complaint originally stated a cause of action in claim and delivery, but, by the supplemental complaint, it was alleged by the mortgagee that, subsequent to the institution of the action in claim and delivery, it had foreclosed its mortgage on a portion of the mortgaged chattels and had taken a deficiency judgment for the entire balance of its secured debt. While it would seem that the mortgagee was not entitled to a deficiency *Page 48 
judgment against the mortgagor until it had subjected all the mortgaged property to the payment of the mortgage debt, the fact remains that judgment was actually made and entered for the deficiency. The judgment left nothing to be adjudicated and constituted a determination that the mortgage security had been exhausted. The deficiency judgment determined the rights of the mortgagee under the mortgage, and, while the judgment stands, appellant cannot go behind it and claim that under the mortgage it is entitled to the possession of the remainder of the mortgaged property. (5 Cal. Jur. 107; Ex parte Braun, 51 Cal.App. 202,196 P. 499.) The deficiency judgment for the sum remaining due, after crediting the sum received from a sale of a portion of the mortgaged chattels, deprives appellant of any right to the possession of any of the chattels covered by the mortgage and Dot disposed of at foreclosure sale.
Givens and Taylor, JJ., concur.