COBURN, APPELLANT, *v.* COBURN ET AL., RESPONDENTS.

(No. 6,736.)

(Submitted March 11, 1931. Decided April 1, 1931.)

[298 Pac. 349.]

*Messrs. Arnot & Doyle,* for Appellant, submitted a brief; *Mr. D. W. Doyle* argued the cause orally.

*Messrs. Clift & Glover* and *Mr. John W. Coburn,* for Respondents, submitted a brief; *Mr. R. H. Glover* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted to foreclose a real estate mortgage executed by the defendant as security for the payment of his promissory note for the sum of $500, given to the plaintiff July 27, 1923, of even date with the mortgage. The complaint is in usual form. By way of answer the defendant, John W. Coburn, admitted the execution of the note and mortgage, but attempts to defend affirmatively by reason of a judgment entered by the district court of Cascade county April 4, 1924, upon the promissory note alone, said to estop

the plaintiff in this action. The answer of the defendant Peter G. Reutten, a mortgage claimant of the real estate security, alleges priority of his mortgage on the lands, and otherwise, by way of defense in the action, is of like import to the answer of the defendant John W. Coburn. The case was regularly brought on for trial before the court sitting without a jury, the defendant Reutten not appearing either in person or by counsel, after the conclusion of which the court made its findings of fact and conclusions of law in favor of the defendant John W. Coburn, upon which judgment was accordingly entered. The appeal is from the judgment.

As a matter of law the court concluded that by reason of the personal judgment rendered by the district court of Cascade county on the defendant Coburn's promissory note, the plaintiff is now foreclosed from recovery in this action. The only question presented for decision by the plaintiff's assignments of error is whether the court correctly applied the law.

1. Section 9467, Revised Codes 1921, provides: "There is but one action for the recovery of debt or the enforcement of any right secured by a mortgage on real estate or personal property, which action must be in accordance with the provisions of this Chapter." In applying this statute this court has held, and we think correctly, that our statute was adopted from the state of California, and that with it we adopted the construction given it by that state. (*State Savings Bank* v. *Albertson*, 39 Mont. 414, 102 Pac. 692.) And the established rule in California under the terms of this statute is that "an action brought on a note alone, where the note is secured by mortgage, is a waiver of the mortgage security where the plaintiff obtains a judgment which becomes final, and he cannot thereafter go into a court of equity and secure relief by way of foreclosure." (18 Cal. Jur., p. 248.) "It is not difficult to discover the policy which dictated the enactment of this statute. The tendency of modern legislation is to prevent a multiplicity of suits, and no one doubts

the wisdom of it. In order to give to this statute the force and effect which the legislature intended it should have, we must hold that by prosecuting an action upon the note, secured by the mortgage to final judgment, the plaintiff has exhausted his remedy upon both the note and the security. To hold otherwise would be to hold that there may be two actions, where the statute declares there can be but one." (*Ould* v. *Stoddard,* 54 Cal. 613. See, also, *Commercial Bank* v. *Kershner,* 120 Cal. 495, 52 Pac. 848; *Campan* v. *Molle,* 124 Cal. 415, 57 Pac. 208; *J. I. Case Threshing Mach. Co.* v. *Copren Bros.,* 45 Cal. App. 159, 187 Pac. 772; *Brice* v. *Walker,* 50 Cal. App. 49, 194 Pac. 721; *Bacon* v. *Raybould,* 4 Utah, 357, 10 Pac. 481, 482, 11 Pac. 510; *Cederholm* v. *Loofborrow,* 2 Idaho, 176, 9 Pac. 641; *Portland Cattle Loan Co.* v. *Biehl,* 42 Idaho, 39, 47, 245 Pac. 88.)

2. But plaintiff's learned counsel argue that since it appears ██ that after its execution, the note in suit was by her left with her attorneys, O'Leary and Doyle, for safekeeping, and that the action to recover thereon prosecuted to final judgment by her attorneys, was without authority from her, she should not be precluded from foreclosure of the mortgage security. There is no merit in this contention. The rule is well settled in this state that a judgment once rendered cannot be attacked collaterally unless the judgment appears to be void on its face by a mere inspection of the judgment-roll. (*Haupt* v. *Simington,* 27 Mont. 480, 94 Am. St. Rep. 839, 71 Pac. 672; *Thompson* v. *Chicago, B. & Q. R. Co.,* 78 Mont. 170, 253 Pac. 313; *Price* v. *Skylstead,* 69 Mont. 453, 222 Pac. 1059; *Burke* v. *Interstate Savings & Loan Assn.,* 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879.)

The validity of a judgment rendered within jurisdiction will be presumed upon collateral attack; and with propriety, it does not becomingly lie within the province of the attorney who obtained the judgment to disclaim authority to represent his client in the action, as in the case before us.

Judgments of a court within the scope of its jurisdiction over the parties and the subject matter, cannot be called into question by the parties or their privies in a collateral action or proceeding. Unless void on its face, or shown to be so on an inspection of the judgment-roll, a judgment cannot be successfully attacked collaterally.

Here the judgment on the note is regular on its face and is not subject to collateral attack.

For the reasons stated the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES FORD, ANGSTMAN and MATTHEWS concur.