## BICKERSTAFF *et al. v.* DOUB.

AN execution is sufficient justification to a Sheriff for the seizure of the property of the debtor, whether it be in his actual possession, or in the possession of an agent or parties holding it for his benefit.

Where a stranger to an execution is in possession of property, claiming it as his own by virtue of a transfer to him from the debtor, which would prevent the latter himself from retaking the possession, the Sheriff cannot justify without producing both execution and judgment.

A sale of property by a debtor, even if void as against creditors, is good as between himself and his vendee, and all the world except his creditors. And such sale cannot be attacked by a creditor merely from the fact that he is a creditor, but only when he has a judgment establishing his debt and an execution issued thereon, or has some process regularly issued, as in the case of attachment, authorizing a seizure of the property.

Where W. agreed to sell a team and wagon to T., he to have the use thereof to draw wood to be delivered to W., and by him to be credited at the market price on the price of the team and wagon—the property to belong to W. until so paid for—and the performance of the contract was entered upon by T. : *Held,* that the contract is valid; that until a neglect or refusal by T. to complete the performance, W. could not have reclaimed the property, nor could the Sheriff, under an execution against him, until then seize it.

*Held, further,* that the Sheriff could not question the transfer unless it were made to hinder, delay or defraud creditors, and then he must produce both judgment and execution.

APPEAL from the Seventh District.

Replevin against the Sheriff of Marin county for an ox team and wagon seized under an execution upon a judgment in the suit of *Bonesteel* v. *Wormuth,* in the Fourth District Court. The Sheriff justified under the writ, claiming that the property at the time of his levy belonged to defendant in the writ.

On the trial it was admitted that " defendant took and levied upon the property by virtue of an execution issued out of the Fourth District Court, in and for the city and county of San Francisco, in an action wherein one Lewis Bonesteel was plaintiff and Ebenezer Wormuth was defendant, the judgment being against Wormuth." Defendant then offered in evidence the execution and the return thereon, to which plaintiffs objected on the ground that the judgment should first be produced. Overruled, plaintiffs excepting, and the execution and return read to the jury. Defend-

ant then, as the record reads, "introduced evidence tending to prove a contract for the sale of the property described in the complaint and in said return, between said Wormuth and the plaintiff, Turney, and one Hunter, whereby said Wormuth agreed to sell to said Turney and Hunter said property on being paid for the same, and that until the same was paid for it should remain the property of Wormuth ; but that Turney and Hunter were to have the use of the property in the meantime for the purpose of hauling wood to the landing to pay for said property ; that as fast as the wood was drawn to the landing, it should be delivered to Wormuth to be applied towards the payment for said property at the market price ; that Hunter had sold his interest to plaintiff Bickerstaff without the consent of Wormuth ; that plaintiffs both claimed to be the owners of the property, which had not been paid for ; that a large portion of said wood, drawn to the landing as aforesaid, had been used by Turney and Hunter for. their own use, and nothing had been paid for the property described in the complaint."

The plaintiff introduced testimony tending to show that there was an absolute sale from Wormuth to Turney and Hunter. The Court then offered to allow defendant to introduce the judgment upon which the execution issued, or if he could not then produce it, to permit him to withdraw a juror and continue the case on payment of costs, which offer defendant declined, and the Court thereupon instructed the jury to find for plaintiffs, defendant excepting.

Verdict and judgment accordingly.   Defendant appeals.

*John Reynolds*, for Appellant.

I.   The execution was a complete justification to the Sheriff for taking any property belonging to the execution debtor, whether in his own actual possession, or in the possession of a third person, without showing a judgment.  (*Thornburgh* v. *Hand*, 7 Cal. 554 ; 5 Wend. 170.)

II.   It is only necessary for the officer to show a judgment when he seeks to attack a sale or other transfer of property for fraud, when the sale is good between the parties.  (*Parker* v. *Walrod*, 16 Wend. 514 ; *Thornburgh* v. *Hand*, 7 Cal. 566.)

III.   It was admitted "that the defendant levied upon the prop-

erty by virtue of an execution issued out of the Fourth District Court, in an action wherein Bonesteel was plaintiff and Wormuth was defendant, the judgment being against Wormuth."

This was an admission that there was a valid judgment and execution issued thereon, and established the fact of a judgment, and the validity thereof at least *prima facie,* and nothing was afterwards shown to impeach it.

IV.   There was testimony to show that Wormuth owned the property, and was entitled to the possession thereof as between himself and the plaintiffs, or either of them, and that question should have been submitted to the jury.

The Court below, in effect, held that the mere possession by the plaintiffs was such evidence of title as could not be rebutted without showing a judgment.   In this that Court erred, leaving out of view the admission above alluded to.

" The Sheriff is not bound to go beyond the process, unless the plaintiff shows such title in himself to the property as would be effective against the defendant in the execution or process."    (16 Wend. 514 ; 9 Cal. 554.)

Possession of personal property is not such evidence of title as the Court below held in this case.    (*Wright* v. *Solomon, infra.*)

Even if the possession by Turney and Hunter gave them the power to make a valid sale to the plaintiff Bickerstaff, it will not aid the respondents, for there was no attempt to sell any more than one-half interest undivided.   Turney's relation to Wormuth and Wormuth's relation to the property were unchanged by the transfer, and the Sheriff had the same right to retain the possession of the property as if no sale had been made of such half interest. (*Waldman* v. *Broder,* 10 Cal. 378.)

But if such sale could be made, and was made to Bickerstaff, then it was a violation of the contract between Turney and Hunter and Wormuth, and entitled the latter to the possession of the property as against Turney.

*Heydenfeldt,* for Respondents.

The delivery of the property to Turney and Hunter, under the contract to sell, was an absolute sale.   The provision for the vendor

Bickerstaff *v.* Doub.

to retain the title only, gave him a lien for the purchase money, or a right to rescind the contract.

The plaintiffs, by virtue of the contract, had the right of possession as against the vendor and every body else.

The plaintiffs were to make payment in wood. No time was limited in which they should do so. As fast as it was drawn to the landing it was to be applied towards the payment.

The wood, after delivery, was the subject of levy. As long as the vendor did not complain of nonpayment, no one else had the right to do so.

The contract itself was the subject of attachment.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

It is well settled that an execution is sufficient justification to the Sheriff for the seizure of the property of the debtor, and it is immaterial whether the property be in the actual possession of the debtor, or in the possession of an agent or parties holding it for his benefit. But if the property be in the possession of a stranger to the writ, claiming it as his own by virtue of a transfer to him from the debtor, which would prevent the latter himself from retaking the possession, the officer must produce not only the writ, but the judgment which authorizes its issuance. A sale of property by a debtor, even if void as against creditors, is good as between himself and his vendee, and all the world except his creditors. And such sale cannot be attacked by a creditor merely from the fact that he is a creditor, but only when he has a judgment establishing his debt, and an execution issued thereon, or has some process regularly issued, as in the case of attachment, authorizing a seizure of the property. (See *Thornburgh* v. *Hand,* 7 Cal. 554.)

In the present case the property was admitted to be in the possession of the plaintiffs, and they are strangers to the execution. The defendant did not produce the judgment, but attempted to attack the title of the plaintiffs by showing that, by the contract between the debtor and them, they were not to have the title to the oxen and wagon until the wood was drawn and delivered. The contract, admitting it to be as the defendant alleges, was a valid

one in itself.   The oxen and wagon were delivered to the plaintiffs, as with them the plaintiffs were to draw the wood, the delivery of which was to constitute the consideration of the sale.   The performance of the contract was entered upon by the plaintiffs, and until a neglect or refusal to complete the performance, the debtor could not have reclaimed the property, nor could the Sheriff until then have seized it under process against the debtor.   Unless the transfer were made to hinder, delay or defraud creditors, the Sheriff could not question its validity, and not even then without first producing the judgment under which the execution he held was issued。

Judgment affirmed.