(September 18, 1919.)

NORMAN J. LARSEN, Administrator of the Estate of NIELS C. LARSEN, Deceased, Appellant, v. J. M. ROBERTS, as Sheriff of Ada County, State of Idaho, Respondent.

[187 Pac. 941.]

CLAIM AND DELIVERY—RIGHT OF POSSESSION.

1.    Where a written contract provides that L. shall sign a note at a bank as surety for B., and that B. shall thereupon buy certain material in the name of and for the sole use and benefit of L., and that upon the payment of the note L. agrees to deliver and sell the said property to a third party, *held*, that under this contract, L. is *prima facie* entitled to possession of the property pending the payment of the note by B.

APPEAL from the District Court of the Third Judicial District, for Ada County.  Hon. Charles P. McCarthy, Judge.

Action in claim and delivery.  Judgment for defendant. *Reversed.*

P. E. Cavaney, for Appellant.

The appellant never parted with title to the property, and when demand was made on the sheriff for the return of the

property by said appellant, the sheriff should have delivered immediate possession of said property to the appellant. (*Kellogg v. Burr*, 126 Cal. 38, 58 Pac. 306; *Rodgers v. Bachman*, 109 Cal. 552, 42 Pac. 448; *Harkness v. Russell*, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. ed. 285, see, also, Rose's U. S. Notes.)

When a sheriff levies an attachment against property of a third party, he must, in order to justify his action, show the existence of all the jurisdictional facts upon which the said writ was issued. (*Beckstead v. Griffith*, 11 Ida. 738, 83 Pac. 764; *Sears v. Lydon*, 5 Ida. 358, 49 Pac. 122.)

Raymond L. Givens and J. B. Eldridge, for Respondent.

The defendant in this action is not claiming title, but simply the right of possession through the process of execution. (*Lillie v. Shaw*, 22 Wash. 234, 60 Pac. 406.)

"Where property is in the possession of the defendant under a writ as apparent owner, an officer does not become liable as a trespasser by making a levy thereon unless he had notice of the true ownership of the property at the date of the levy." (*Damiel v. Gorham*, 6 Cal. 43; *Bradley v. Miller*, 100 Iowa, 169, 69 N. W. 426; *Willard v. Kimball*, 10 Allen (Mass.), 211, 87 Am. Dec. 632.)

"It is sufficient for the protection of the officer that the process under which he acted should be valid on its face, and if it was, the officer does not become liable for his acts, because the process may be in fact irregular and voidable." (*Cogburn v. Spence*, 15 Ala. 549, 50 Am. Dec. 140; *Laughlin v. Thompson*, 76 Cal. 287, 18 Pac. 330; *Norcross v. Nunan*, 61 Cal. 640, 646; *Watson v. Watson*, 9 Conn. 140, 23 Am. Dec. 324; *Henke v. McCord*, 55 Iowa, 378, 7 N. W. 623; *Holdredge v. McCombs*, 8 Kan. App. 663, 56 Pac. 536; *State v. McNally*, 34 Me. 210, 56 Am. Dec. 650; *Sandford v. Nichols*, 13 Mass. 286, 7 Am. Dec. 151; *O'Meara v. Merritt*, 128 Mich. 249, 87 N. W. 197; *Johnson v. Randall*, 74 Minn. 44, 76 N. W. 791; *State v. Devitt*, 107 Mo. 573, 28 Am. St. 440, 17 S. W. 900; *Keniston v. Little*, 30 N. H. 318, 64 Am. Dec. 297; *Savacool v. Boughton*, 5 Wend. (N. Y.) 170, 21 Am. Dec. 181; *Henline*

*v. Reese,* 54 Ohio St. 599, 56 Am. St. 736, 44 N. E. 269; *Barr v. Combs,* 29 Or. 399, 45 Pac. 776; *Billings v. Russell,* 23 Pa. St. 189, 62 Am. Dec. 330.)

### ON REHEARING.

Holding that it is necessary to plead by way of affirmative defense that the sheriff acted under a valid writ of execution duly and regularly issued, and reversing the case on that ground, is entirely out of harmony with former decisions of this court, and out of harmony with what appears to be the general rule, that under a general denial in replevin, such things may be shown without any pleading whatsoever of such facts. (*Lindsay v. Wyatt,* 1 Ida. 738; *Cornwall v. Mix,* 3 Ida. 687, 34 Pac. 893; *Idaho Placer Min. Co., Ltd., v. Green,* 14 Ida. 249, 93 Pac. 954; *Colean Mfg. Co. v. Johnson,* 82 Kan. 655, 20 Ann. Cas. 296, 109 Pac. 403.)

RICE, J.—This is an action in claim and delivery, wherein Niels C. Larsen, appellant's intestate, sought to recover possession of forty-five pieces of iron pipe casing. The respondent, who was sheriff of Ada county, denied that Larsen was the owner or entitled to possession of the property, but did not in any manner attempt to justify his own possession. The defendant recovered judgment, from which this appeal was taken.

Under the issues the only question to be determined is whether Larsen made out a *prima facie* case of his right to the possession of the property.

To sustain his right to possession of the property, Larsen introduced in evidence a certain written agreement between one A. W. R. Berr and himself. This agreement, after reciting that Berr was president of the Boise Natural Hot Water Heating Company, Ltd., a corporation; that the company was desirous of procuring financial support to carry on its work, and to purchase certain supplies, including the casing in question, and that Berr was desirous of personally obligating himself in order that the said money might be forthcoming, contained the following:

"Said first party [Berr] agrees to buy all materials, tools and casing, at Ontario, Oregon, in the name of said party of the second part [Larsen], and for his sole use and benefit; and that upon the payment of said Fifteen Hundred Dollar note, hereinafter more particularly described, the said second party agrees to deliver and sell the said tools, casings, etc., hereinbefore mentioned, to the said Boise Natural Hot Water Heating Company, Ltd., but that at all times during the continuance of this contract the said property shall remain in the name and be the property of said party of the second part, and to be transferred only upon the faithful performance of the conditions and covenants herein mentioned.

"This agreement is intended as a memorandum agreement to protect the said party of the second part for signing as surety a certain note with A. W. R. Berr, for a period of one hundred and twenty (120) days from date hereof, for the sum of Fifteen Hundred Dollars ($1500), to the Idaho National Bank."

Pursuant to this agreement, Larsen signed as surety the note referred to in the contract, and the material, including that in controversy in this action, was purchased in the name of Larsen. The record shows that Larsen never had the property in his personal possession, but it seems to have been shipped to Boise, Idaho, and placed in possession of the corporation. Larsen subsequently paid the debt to the bank.

Respondent contends that the property was transferred to Larsen as security only, and therefore the transaction amounted to the giving of a mortgage. (C. S., sec. 6358.) Conceding this to be true, it does not necessarily follow that Larsen was not entitled to possession of the property. A mortgage transfers no title to the property subject to the lien (C. S., sec. 6348), but may provide that the mortgagee may take possession of the mortgaged property. (*First Nat. Bank v. Steers,* 9 Ida. 519, 108 Am. St. 174, 75 Pac. 225.)

The agreement between the parties, quoted above, provides that upon the payment of the fifteen hundred dollar note, Larsen would deliver and sell said tools, casing, etc., to the corporation. Larsen could not deliver the property unless

he had possession prior to the delivery. This provision of the contract, we think, recognizes Larsen's right to the possession of the property pending the payment of the note by Berr.

The court found that respondent, as sheriff, levied upon the property involved in this suit under and pursuant to a writ of execution issued out of the probate court of Ada county. This finding is not responsive to any issue, and therefore cannot be made the basis for a judgment.

The judgment is reversed. Costs awarded to appellant.

Morgan, C. J., and Budge, J., concur.


'(March 9, 1920.)'

### ON REHEARING.

2. In an action in claim and delivery, in order that an officer may justify his possession under an execution levied upon the property of a stranger to such action, it having been brought by one not a party to the action in which the execution was issued, it is necessary that the officer show the existence of a valid unpaid judgment to support the writ.

RICE, J.—When the original opinion was written in this case, the decision in *Idaho Placer Min. Co. v. Green,* 14 Ida. 249, 93 Pac. 954, escaped the court's attention. In that case it was held that under a general denial the defendant in an action in claim and delivery might introduce any evidence which tended to dispute or rebut the plaintiff's claim of right to possession; also that a specific denial of all the allegations of the complaint had the same effect, so far as the issues were concerned, as a general denial. We have no intention of overruling that case, and therefore modify our opinion and hold that the plaintiff in this action may justify his possession of the property under a valid writ. (See *Cornwall v. Mix,* 3 Idaho, 687, 34 Pac. 893, 34 Cyc. 1496.)

We are of the opinion that the evidence sustains the finding of the trial court that the conveyance to appellant's intestate in this action was for the purpose of security, and that therefore the same is a mortgage under the provisions of C. S., sec. 6358. The instrument of conveyance, not containing the affidavit required by C. S., sec. 6375, and not being recorded, the mortgage was void as to creditors and *bona fide* purchasers, in the absence of possession by the mortgagee.

The question remaining, therefore, is whether the evidence is sufficient to sustain the finding of justification on the part of the sheriff.

The sheriff testified that he held the property under an execution issued out of the probate court in an action against the Boise Natural Hot Water Heating Company. Appellant's intestate was not a party to that action. As against appellant, in order for the sheriff to justify his possession by virtue of the execution levied upon the property of the company, it is necessary that he show the existence of a valid unpaid judgment to support the writ. (*Old Settlers' Inv. Co. v. White,* 158 Cal. 236, 110 Pac. 922; *Bickerstaff v. Doub,* 19 Cal. 109, 79 Am. Dec. 204; *Gidday v. Witherspoon,* 35 Mich. 368; *Wyatt v. Freeman,* 4 Colo. 14.) In this case respondent did not introduce the record of the judgment upon which he claims execution issued. The attorney for the judgment creditor testified that judgment was obtained by default. The proper proof of the existence of a judgment is the record, or a certified copy thereof. We express no opinion as to whether the testimony of the attorney was competent as proof of the existence of the judgment, but if it might be so considered it would be insufficient in this case, since probate courts in cases of the kind under consideration are of limited and inferior jurisdiction (*Dewey v. Schreiber Implement Co.,* 12 Ida. 280, 85 Pac. 921), and proof of jurisdiction is necessary to establish a judgment in such courts. (15 R. C. L., p. 881, sec. 359.)

Respondent contends, however, that appellant is estopped to deny the validity of the judgment by reason of an affidavit

filed with the complaint in the action, and by reason of a stipulation as to certain facts entered into during the progress of the trial.    The affidavit referred to was not submitted in evidence.    Assuming that the court might take judicial notice of its contents (*Hollenbach v. Schnabel,* 101 Cal. 312, 40 Am. St. 57, 35 Pac. 872), still we do not believe this affidavit estops appellant from questioning the validity of the judgment.    The affidavit states that upon affiant's knowledge, information and belief the property was held by the respondent by reason of a certain attachment issued out of the probate court of Ada county in a certain action, and that in the action a writ of attachment was duly issued and placed in the hands of respondent, who duly levied upon the property. But upon the trial of the case, the evidence of the sheriff was to the effect that he held the property under a writ of execution.    Since a writ of attachment may be duly issued at any time after issuance of summons; and before the service of process upon a defendant, appellant's statement that the writ of attachment was duly issued is not an admission that a valid judgment was thereafter entered in the action.

The stipulation of facts is as follows:

"Mr. Givens: Now, will you stipulate, Mr. Cavaney, into the records, that all the proceedings up to the execution and the execution placed in the hands of the sheriff, for execution, under which levy was made, were regular.

"Mr. Cavaney: If they were regular—yes,   I will admit they are regular if you will state those judgments were regular down in that court, I would not like to stipulate on that, because I have questioned those judgments that were taken down in the probate court.  So far as Mr. Roberts is concerned, I am willing to stipulate that anything he did was regular.

"Mr. Givens: In so far as the property that came into his hands is concerned, it was regular on its face.

"Mr. Cavaney: Yes, I will admit all that."

The above stipulation does not amount to a stipulation that a valid judgment was entered in the case.   It stipulates noth-

ing more than that the execution was regular on its face, and that the sheriff proceeded properly thereunder. This is not sufficient.

"While an execution, fair on its face, is sufficient to protect an officer against personal responsibility in serving it, yet when he claims property under it he must show that it was warranted by a judgment." (Cobbey on Replevin, sec. 806; *Old Settlers' Inv. Co. v. White, supra; Gidday v. Witherspoon, supra.*)

The evidence was insufficient to establish justification on the part of the respondent, and the judgment must be reversed with costs to appellant.

Morgan, C. J., concurs.

Budge, J., sat at the argument on rehearing, but took no part in the opinion thereon.