(May 29, 1923.)

## G. W. McKEAN, Respondent, v. TWIN FALLS CANAL COMPANY, a Corporation, Appellant.

[215 Pac. 851.]

NEGLIGENCE—DAMAGES—SUFFICIENCY OF EVIDENCE.

> In case of conflict, if there is in the record evidence which, if uncontradicted, would support the judgment, it must be affirmed.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action for damages. Judgment for plaintiff. *Affirmed.*

James R. Bothwell and W. Orr Chapman, for Appellant, cite no authorities on point decided.

Walters, Parry & Bailey, for Respondent.

There was ample evidence to support the finding of the jury that appellant was negligent and respondent was damaged thereby; therefore this court cannot reverse the judgment on the ground of insufficient evidence. (*Tapper v. Idaho Irr. Co.* (on rehearing), 36 Ida. 78, 210 Pac. 591; *Smith v. Hines*, 33 Ida. 582, 196 Pac. 1032; *Price v. North American Accident Ins. Co.*, 28 Ida. 136, 152 Pac. 805; *McAlinden v. St. Maries Hospital Assn.*, 28 Ida. 657, Ann. Cas. 1918A, 380, 156 Pac. 115; *Baker v. First Nat. Bank,* 25 Ida. 651, 139 Pac. 565; *Montgomery v. Gray*, 26 Ida. 583, 144 Pac. 646; *Lorang v. Randall*, 27 Ida. 259, 148 Pac. 468; *Graham v. Coeur d'Alene & St. Joe Transp. Co.*, 27 Ida. 454, 149 Pac. 509; *John V. Farwell Co. v. Craney,* 29 Ida. 82, 157 Pac. 382.)

DUNN, J.—This is an action brought by respondent against appellant to recover $4,281.68 for loss caused by damage to crops due to the negligence of appellant in failing to furnish water to respondent for their irrigation.

37 Idaho.—16

The negligence alleged by respondent is "that during the spring of 1917, the defendant failed and neglected to clean its canals, ditches and laterals so as to enable it to deliver to plaintiff's lands herein described the amount of water to which they were entitled, and particularly failed and neglected to properly clean Lateral No. 10, through which this plaintiff receives said water."

The answer of appellant denies the charge of negligence, and sets up as a defense the negligence of respondent in failing to properly use the water that was furnished him; in failing to properly plant, tend and cultivate his crops, and in failing to clean, maintain and keep his ditches and laterals in suitable condition to conduct the water on to his land. Another defense pleaded by appellant is that if respondent suffered damage from lack of water during the year 1917, such damage was due to the faulty construction of the canal system, to which respondent assented, and to weather conditions over which appellant had no control.

The particular negligence on which respondent relies is the failure of appellant to remove from Lateral No. 10 a large amount of moss growing therein which so obstructed the flow of water, according to the contention of respondent, as to make it impossible for respondent to obtain sufficient water for the irrigation of his crops.

The testimony of both parties shows that a large amount of moss did grow in Lateral No. 10 in the season of 1917, and that to some extent it obstructed the flow of water therein. Appellant claims that, in spite of its reasonable efforts to prevent it, the amount of moss so growing was much larger than that growing in ordinary years, and that it was not negligent in its efforts to remove it and to furnish respondent with the water to which he was entitled.

The evidence bearing upon the question of negligence is conflicting, but there is ample testimony in the record to sustain the finding that the jury made to the effect that appellant was negligent.

Appellant also contends that respondent received his proportionate share of the available water supply for that

season.  On this point also the evidence is conflicting, and there is substantial evidence to sustain the finding of the jury that respondent did not receive such proportionate share of water.

Appellant complains of the giving of certain instructions by the court as erroneous, but an examination of such instructions convinces us that they afford no ground for reversing the judgment of the court.

No reversible error being found, and there being substantial evidence to support the verdict of the jury for $650, the judgment must be sustained.  (*Fritcher v. Kelley,* 34 Ida. 471, 201 Pac. 1037; *Harvey v. Brett,* 36 Ida. 126, 209 Pac. 209.)

The judgment of the trial court is affirmed, with costs to respondent.

Budge, C. J., and William E. Lee, J., concur.