(March 27, 1925.)

## M. E. POWELSON, Respondent, v. H. W. KINNEY, as Sheriff of Canyon County, Appellant.

[234 Pac. 935.]

SALE OF PERSONAL PROPERTY—DELIVERY AND POSSESSION—EVIDENCE—CONFLICT.

1. The determination as to what constitutes "immediate delivery" and "actual and continued change of possession," required by C. S., sec. 5434, for transfers of personal property, are questions of fact ordinarily to be determined by the jury from the evidence in each particular case.

2. In case of conflict, if there is evidence in the record which, if uncontradicted, would support the judgment, the judgment will be affirmed.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan. Judge.

Action for damages. Judgment for plaintiff. *Affirmed.*

G. W. Lamson, for Appellant.

"Where property without legal excuse is replaced in the same apparent relation to the vendor after delivery and there is no manifest and continued change of possession the transfer is void." (*Harkness v. Smith,* 3 Ida. 221, 28 Pac. 423; C. S., sec. 5434.)

S. Ben Dunlap, for Respondent.

The determination of what constitutes immediate change of possession and delivery is purely a question of fact to be declared by the jury, or the court, in case the jury is waived, from all the evidence in the particular case. (*Rapple v. Hughes,* 10 Ida. 338, 77 Pac. 722; *Simons v. Daly,* 9 Ida. 87, 72 Pac. 507.)

Where there is an actual sale and delivery with change of possession, subsequent act of the prior owner in wrongfully taking possession of the property does not defeat the pur-

chaser's title as against a subsequent purchaser. (*Couch v. Montgomery,* 6 Ida. 669, 59 Pac. 16.)

"Where there has been a substantial conflict in the evidence the verdict of the jury will not be disturbed on appeal." (*Price v. North American Accident Ins. Co.,* 28 Ida. 136, 152 Pac. 805; *McAlinden v. St. Maries Hospital Assn.,* 28 Ida. 657, 156 Pac. 115. See, also, cases cited on page 52 of Flynn's Digest, under heading "Verdicts on Conflicting Evidence.")

WILLIAM A. LEE, C. J.—Respondent instituted this action against appellant to recover $205.60, the purchase price of a certain building located on a town lot in Melba, Canyon county. Appellant had been sheriff of Canyon county, and on March 17, 1921, as such sheriff, caused a levy to be made upon the property under and by virtue of a writ of execution issued out of the district court of Canyon county upon a judgment obtained by one C. C. Todd against F. M. Gates. Gates had been the owner of the building but respondent claimed to have purchased the same from him, including furniture and fixtures therein, on the sixteenth day of February, 1921, for $300. It was also contended by respondent that he was assigned by Gates a contract of sale for the lot upon which the building was located, in which Todd was the grantor. After the building had been levied upon and notice of sale posted the sheriff was served with a third party claim by respondent, and Todd, the judgment creditor, was required to furnish the sheriff an indemnifying bond against such claim, under the provisions of C. S., sec. 6918. On the twenty-third day of March following the building was offered for sale by appellant and bid in by respondent for the sum mentioned, $205.60, and thereafter this action was begun against appellant, as sheriff, to recover the amount so paid. The cause was tried by the court sitting with a jury and a verdict was returned for respondent, upon which judgment was entered, for said sum of $205.60.

Upon appeal from the judgment it is contended by appellant that the evidence is insufficient to show that there was

a complete and continued change of possession in the property as a result of the alleged sale of the property between Gates and respondent, but that possession was retained at all times by Gates.

The sufficiency of the evidence in the particular set forth by appellant involves the application of C. S., sec. 5434, which provides:

"Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or encumbrancers in good faith subsequent to the transfer."

The evidence on behalf of respondent was to the effect that Gates, in 1919, had contracted to buy from Todd two certain town lots in Melba. The lots did not adjoin each other, being on different streets of the business section of the town. It does not appear that any part of the purchase price for the lots was ever paid, except an initial instalment of $5. On one of the lots Gates constructed the building in question and in it conducted a real estate business. He became indebted to Todd on account of merchandise bought at Todd's store, and in the forepart of February, 1921, was asked by Todd to raise some money with which to pay up his account. Within the next few days Gates negotiated with respondent for the purchase of the building, and a sale was consummated between them by which respondent purchased the structure and took an assignment of the contract of sale for the lot upon which the building stood. One Charles T. Black testified that on the day the sale was alleged to have taken place, February 16, 1921, Gates and respondent came into his office, Gates stating that respondent was buying the property, and

asked him, Black, to fix up some kind of an assignment, which he did, and signed the same as a witness. Respondent testified that after he purchased the building the keys were turned over to him, and that he did not give consent or have any knowledge of its occupancy by Gates after the sale. He advised Todd that he had purchased the building and offered to carry out the terms of the contract for the sale of the lot upon which it was located, but was told by Todd that he must also take the other lot which Gates had contracted to buy. This was admitted by Todd in his testimony. Gates admitted that he had been in the building a few times after its sale to respondent, gaining admission with a skeleton key which was in possession of his son, but stated that he did not occupy the building the same as he had before he sold it.

Witnesses for appellant testified that they had seen Gates in the building after its reputed sale to respondent, the deputy sheriff who made the levy stating that Gates was in the building at the time levy was made and gave him a key to the door.

It will thus be seen that there is a conflict in the evidence as to whether the sale was void under C. S., sec. 5434. No fixed rule can be established as a test for determining what is "immediate delivery," or "actual and continued change of possession," required by the statute, but the questions are matters of fact ordinarily to be determined by the jury from the evidence in each particular case. (*Simons v. Daly,* 9 Ida. 87, 72 Pac. 507.) This issue was before the jury in the trial of the case and proper instructions on the point were given by the court. By its verdict the jury must have concluded that the transfer of the ownership of the building by Gates to respondent was followed by such immediate delivery to respondent and his actual possession thereof as to make the transaction not one controlled by the provisions of C. S., sec. 5434, above cited. There is ample evidence in the record to sustain such view, and it has come to be a well-established principle, as announced in the decisions of this court, that, in case of conflict, if there is evidence in the record which, if uncontra-

dicted, would support the judgment, the judgment will be affirmed. (*Singh v. McKee*, 38 Ida. 656, 225 Pac. 400; *Fritcher v. Kelley*, 34 Ida. 471, 201 Pac. 1037; *McKean v. Twin Falls Canal Co.*, 37 Ida. 241, 215 Pac. 851; *Harvey v. Brett*, 36 Ida. 126, 209 Pac. 209; and numerous other cases.)

It is true that Gates was in the building a number of times after he sold it to respondent, but it is clear that he did not occupy the building after the sale as he had before; and it is not shown that such entries were with the knowledge or consent of respondent. It has been held that where there is an actual sale and delivery, with change of possession, the subsequent act of the prior owner in wrongfully taking possession of the property does not defeat the purchaser's title. (*Couch v. Montgomery*, 6 Ida. 669, 59 Pac. 16.) The character of the property in question was not such that the purchaser would be required to physically possess himself of it or immediately move it off the lot on which it was located.

We conclude that the evidence is sufficient to support the judgment, and the judgment is therefore affirmed. Costs to respondent.

Budge, Givens and Taylor, JJ., concur.

Wm. E. Lee, J., did not sit at the hearing and took no part in the decision.