(No. 4846. February 18, 1928.)

LEONARD WEBSTER, Respondent, v. HENRY Mc-CULLOUGH, Appellant.

[264 Pac. 384.]

CLAIM AND DELIVERY—RIGHT TO POSSESSION—CONFLICT OF EVIDENCE— PROBATE COURT RECORDS—PROOF—SALE OF PERSONAL PROPERTY— DELIVERY AND POSSESSION.

1. Right to possession of property is the main issue in an action in claim and delivery.

2. Determination of credibility of witnesses is exclusive province of jury under C. S., sec. 7935.

3. Where there is substantial evidence to support a verdict, same may not be set aside under C. S., sec. 7170, though evidence may be conflicting.

4. In action in claim and delivery, evidence *held* sufficient to establish plaintiff's right to possession of cows and calf sold to defendant at execution sale against plaintiff's father, and to sustain jury's verdict finding that plaintiff was entitled to return of property.

5. Where evidence in action in claim and delivery was sufficient to establish plaintiff's right to possession of property as owner, burden was on defendant to prove other and inconsistent facts showing right to possession of property, independent of claim of ownership of plaintiff thereto.

6. In action in claim and delivery to recover cows and calf, right of possession of cows as between plaintiff and one pasturing cows and calf was not involved in proceeding, since latter was not party to action.

7. Defendant, in claim and delivery action, relying on purchase of property at execution sale on judgment rendered in probate court, must establish verity of execution issued out of probate court, since in civil actions probate courts are not courts of record, and, being courts of limited and inferior jurisdiction, it is necessary to establish existence and authenticity of their records when depended on in such case.

8. In action in claim and delivery, in which plaintiff claimed cows in question had been sold to him by his mother, question whether there was immediate delivery, followed by actual and continued change of possession, so as to make transfer of cows valid under C. S., sec. 5434, *held* for jury, where evidence showed that at time of transfer cows were then on some lots owned by plaintiff, and that a short time thereafter he arranged with an uncle to keep them during winter.

---

Publisher's Note.

1. Replevin, see note in 80 **Am. St.** 741. See, also, 23 **R. C. L.** 934.

2. Credibility of witnesses, see note in 86 **Am. Dec.** 328. See, also, 28 **R. C. L.** 657.

3. See 2 **R. C. L.** 204.

5. See 23 **R. C. L.** 935.

7. See 15 **R. C. L.** 881.

See Appeal and Error, 4 **C. J.**, sec. 2836, p. 859, n. 7.

Evidence, 22 **C. J.**, sec. 911, p. 800, n. 94.

Fraudulent Conveyances, 27 **C. J.**, sec. 788, p. 841, n. 18.

Replevin, 34 **Cyc.**, p. 1354, n. 12, p. 1492, n. 37, p. 1501, n. 11, p. 1508, n. 61.

Trial, 38 **Cyc.**, p. 1518, n. 69.

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. Geo. W. Edgington, Judge.

Action in claim and delivery. Judgment for plaintiff. *Affirmed.*

C. W. Morrison and F. A. McCall, for Appellant.

In claim and delivery, plaintiff must be entitled to the immediate and exclusive possession of the property at the time of the commencement of the action. (*Garcia v. Gunn*, 119 Cal. 315, 51 Pac. 684; *People's Savings Bank v. Jones*, 114 Cal. 422, 46 Pac. 278; *Robb v. Dobrinski*, 14 Okl. 563, 78 Pac. 101; *Tuohy v. Linder*, 144 Cal. 790, 78 Pac. 233; *Idaho Placer Mining Co., Ltd., v. Green*, 14 Ida. 249, 93 *Smith v. Washburn-Wilson Seed Co.*, 40 Ida. 191, 232 Pac. 574.)

Plaintiff must recover upon the strength of his own title and right of possession, and not upon defendant's lack thereof. (*Mountain Home Sheep Co. v. Faraday & Weaver*, 36 Ida. 633, 212 Pac. 970; *Cardinell v. Bennett*, 52 Cal. 476; *Smith v. Washburn-Wilson Seed Co.*, 40 Ida. 191, 232 Pac. 574.)

When the plaintiff in a claim and delivery suit fails to prove that at the time of the institution of the action he had the right to the exclusive and immediate possession of the property in controversy, a motion for nonsuit should be granted. (*Bertleson v. Van Deusen Bros. Co., supra.*)

C. E. Crowley, for Respondent.

Respondent recognizes that the general rule is that the right of possession is the only issue in cases of this kind, but where the right to possession may depend on title, and in case the title is distinctly put in issue as in the case at bar, the better title will prevail. (23 R. C. L. 934, p. 107. And see note in 80 Am. St. 752.)

Where appellant relies upon an execution sale from an ·nferior court, it is incumbent upon him to establish a valid

judgment, execution and sale. (*Larson v. Roberts* (on rehearing), 32 Ida. 591, 187 Pac. 941.)

Probate courts, in civil matters, are of limited and inferior jurisdiction, and one depending on civil judgments from such courts must prove and establish their regularity. (*Dewey v. Schreiber Imp. Co.,* 12 Ida. 280, 85 Pac. 921; 15 R. C. L. 881, sec. 359.)

It is the statutory law of Idaho, and this court has repeatedly held, that where there is substantial evidence to support the judgment, and there are conflicts in the evidence, this court will not disturb the verdict or judgment of the lower court. (C. S., sec. 7170; *Gordon v. Sunshine Min. Co.,* 43 Ida. 439, 252 Pac. 870.)

BUDGE, J.—Respondent brought this action against appellant to recover two cows and a calf, together with damages for their detention. The complaint alleged ownership in respondent and that appellant came into possession of said animals wrongfully. Appellant filed an answer to the complaint in the way of a general denial, and an affirmative defense alleging that he came into possession of said personal property at execution sale against J. L. Webster, the father of respondent; that J. L. Webster, for a long time prior to the sale, had been in possession of said property; that appellant was informed that J. L. Webster and Henrietta Webster, his wife, were the owners of the cows and calf; and that after the bidding in of the property at execution sale by appellant Henrietta Webster claimed that she was the owner of the cows and calf and entitled to the possession of the same.

The cause was tried to the court and a jury and verdict was returned for respondent finding that he was entitled to the return of the property described in the complaint and assessing the value of said property at $102, without any damages for the detention of the same. Appellant has appealed from the judgment entered on the verdict.

[1] It is claimed that the evidence is insufficient to justify or to sustain the verdict, upon the ground that ×

spondent failed to prove that at the time of the commencement of the action he was entitled to the immediate and exclusive possession of the property, and that the evidence shows that someone other than respondent was entitled to the possession of the property. Right to the possession of the property being the main issue in an action in claim and delivery, we will canvass the evidence to determine whether there is sufficient competent evidence to sustain the verdict of the jury that respondent was entitled to the return of the property in question.

Respondent testified that he became the owner of the cows in October, 1924, about one year prior to the commencement of this action. He said that he had given his mother, who was the former owner of the cows, $50, and that she had turned one of the cows over to him for the money. A calf was born to this cow after it was turned over to respondent. His mother gave him the second cow for his helping to pay rent and contributing to the support of the family. For a while after the cows were turned over to him they were kept on some lots owned by respondent and then delivered to an uncle, who kept them throughout the winter. In the following spring, and until possessed by appellant in the fall, they were pastured by one Lester Browning, respondent agreeing to pay $3 a month for pasturage. Respondent said he allowed his mother to have the milk from the cows. He said he was not present when the appellant received the cows, on September 3, 1925, but that shortly afterwards he went to appellant and demanded their return.

Respondent's mother testified that before her marriage her mother had given her a cow, and that the two cows in question came to her as proceeds of the cow received from her mother. She corroborated respondent as to the manner in which his asserted claim of ownership arose. The father of respondent testified that the cows had been his wife's property and that he never claimed any interest in either of them, and that they later became the property of respondent. The brother of respondent testified that the cows had be-

longed to his mother, had not been claimed by his father, and that he was present when respondent asserted ownership to the cows in the presence of their mother and father, neither of whom made any denial. An uncle of respondent, who kept the cows during the winter of 1924-25, testified that he made arrangements with respondent for keeping them, and corroborated the testimony of respondent's mother that the cows had formerly belonged to her. Lester Browning testified that respondent had placed the cows in his custody for pasturing and that while there had been no settlement for the pasturage bill, there was no conflict between himself and respondent over such settlement. Other witnesses for respondent testified that they had heard respondent's mother say he owned the cows.

Appellant and certain of his witnesses testified that the mother of respondent had made demand upon appellant for the return of the cows, claiming that they belonged to her, and that respondent's father had said the cows belonged to him.

[2-5] We may not inquire as to the credibility of the various witnesses; that is the exclusive province of the jury. (C. S. sec. 7935; *Gordon v. Sunshine Mining Co.*, 43 Ida. 439, 252 Pac. 870.) And where there is substantial evidence to support a verdict the same may not be set aside (C. S., sec. 7170), though the evidence may be conflicting. This court has so often held to this effect that citation of decisions is unnecessary. The evidence offered by respondent was sufficient, if believed by the jury, to establish his right to the possession of the property in question, and the burden was upon appellant to prove other and inconsistent facts showing a right to the possession of the property independent of the claim of ownership of respondent thereto.

[6] There was no dispute as between respondent and Lester Browning as to the pasturage bill, and the right to the possession of the cows as between respondent and Browning is not involved in this proceeding, Browning not being

a party to the action. (*Mountain Home Sheep Co. v. Faraday & Weaver*, 36 Ida. 633, 212 Pac. 970.)

[7] It was supposedly the desire of appellant to show that the property had been purchased by him at execution sale against J. L. Webster, the father of respondent, upon a judgment rendered against J. L. Webster in the probate court. He did not, however, offer to prove the verity of any execution issued out of the probate court. In civil actions probate courts are not courts of record, and being courts of limited and inferior jurisdiction it is necessary to establish the existence and authenticity of their records when depended upon in a case like the one here under consideration. (*Larsen v. Roberts* (on rehearing), 32 Ida. 591, 187 Pac. 941; *State v. Dunn*, 44 Ida. 636, 258 Pac. 553.)

[8] It is contended that the transfer of the cows to respondent by his mother is void, under the provisions of C. S., sec. 5434, for want of immediate delivery followed by actual and continued change of possession. The evidence shows that at the time of the transfer the cows were then on some lots owned by respondent, and that a short time thereafter he arranged with an uncle to keep them during the winter. Such a showing is sufficient to render the statute inapplicable; and such questions are matters of fact to be determined by the jury from the evidence. (*Simons v. Daly*, 9 Ida. 87, 72 Pac. 507; *Powelson v. Kinney*, 40 Ida. 565, 234 Pac. 935.)

On the record before us it must be conceded that there is substantial evidence to support the verdict, and, no error appearing that would justify a reversal of the judgment, it is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.